## 69206. GANDY v. BROWN.
(327 SE2d 850)

POPE, Judge.
This is an appeal from the trial court's grant of State Farm Mu-

tual Automobile Insurance Company's motion to dismiss based upon the running of the statute of limitation. The record shows that the original complaint was filed by Gandy against Michael DeWayne Brown alleging gross negligence in the operation of Brown's automobile in which Gandy was a passenger. The complaint also alleges that this is a renewal of an earlier action brought against Brown by Gandy. The record shows service only in regard to Brown. State Farm's connection with this case is in the role of uninsured motorist carrier for Gandy. Although never served with a copy of the complaint and summons as required by OCGA § 33-7-11 (d), State Farm nonetheless brought in its own name a motion to dismiss State Farm from the action. After extended argument and colloquy between counsel and the trial court, the motion was granted. *Held*:

It is obvious from the transcript of the hearing on the motion to dismiss that this action has been fiercely contested and that the trial court was well familiar with it. Much was made at the hearing and in briefs before this court about matters in the earlier suit which was dismissed and upon which the present action is alleged to be renewed. However, we have before us only the record of this action, and it is only from this record that we may determine error, if any. The initial question is, as put by the trial court: How can a non-party to a suit seek to have a suit dismissed? State Farm relies upon the case of *Vaughn v. Collum*, 136 Ga. App. 677 (222 SE2d 37) (1975), affd., 236 Ga. 582 (224 SE2d 416) (1976). In *Vaughn*, the court held that an uninsured motorist carrier had the right to notice of suit on the same basis as though a defendant. An uninsured motorist carrier must be served as prescribed by statute within the applicable statute of limitation. State Farm argues that the situations in *Vaughn* and in the present case are identical. However, we note a crucial difference. In *Vaughn*, the affected uninsured motorist carrier was served in the manner prescribed by the statute. In the present case, both parties acknowledge that State Farm has never been served.

"Where there has been no legal service on the defendant and no waiver of service, the court has no jurisdiction to enter any judgment in the case unless it be one dismissing the case for lack of jurisdiction. [Cit.]" *DeJarnette Supply Co. v. F. P. Plaza, Inc.*, 229 Ga. 625 (2) (193 SE2d 852) (1972). In the case of *Home Indem. Co. v. Thomas*, 122 Ga. App. 641 (178 SE2d 297) (1970), this court held that "to the extent that [an uninsured motorist carrier] may purport to act directly in its own name, and thereby elect to assume the status of a named party, . . . the rules of practice and procedure apply to it *commencing when service is perfected* 'as though . . . actually named as a party defendant' . . ." (Emphasis supplied.) Id. Obviously, when and if State Farm is served, it may assert the principle set out in *Vaughn*; however, since we hold that the motion to dismiss based

upon the statute of limitation was premature, and that the trial court lacked jurisdiction to rule upon the motion in light of the holding in *DeJarnette*, supra, we need not express any opinion regarding the merits of such a defense as is authorized under the holding in *Vaughn.*

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED MARCH 8, 1985.

*A. W. Cain, Jr., G. M. Adcock*, for appellant.
*John W. Davis, Jr., Frank M. Gleason*, for appellee.