### 74565. STOUT v. SIGNATE HOLDING, INC.
(361 SE2d 36)

BENHAM, Judge.

Appellee, Signate Holding, Inc., d/b/a Signate Printing ("Signate"), sued appellant in Fulton County on June 11, 1986, for an indebtedness. Appellant, a resident of California, was served under the long-arm statute (OCGA § 9-10-90 et seq.) on July 17, 1986. In response to the complaint, appellant filed a pro se motion to dismiss on August 26, 1986, challenging the court's jurisdiction over his person. On September 22, 1986, Signate moved for entry of default judgment against appellant pursuant to OCGA § 9-11-55. Appellant paid the accrued costs on January 5, 1987, and the trial court granted Signate's motion and denied appellant's motion to dismiss on January 7, 1987. Appellant, through counsel, filed this appeal. We affirm.

1. In his first two enumerations of error, appellant asserts that the trial court should have treated his motion to dismiss as an answer and contends that he was entitled to have default opened as a matter of right, since his motion was filed within the 15-day period provided for in OCGA § 9-11-55 (a) and he paid the appropriate costs before the trial court granted Signate's default judgment motion. We disagree. OCGA § 9-11-55 (a), on which appellant relies, states: "If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to ver-

dict and judgment by default, in open court or in chambers . . ." Even if we were to assume that appellant's motion to dismiss constituted an answer, appellant's payment of the costs to reopen more than four months after filing his motion to dismiss did not comply with the statutory requirement that costs be paid "within 15 days of the day of default." Full payment of costs within the 15-day grace period being a condition precedent to opening a default, the filing of appellant's answer alone would not open the default as a matter of right. *Hazzard v. Phillips*, 249 Ga. 24 (1) (287 SE2d 191) (1982). Appellant's contention that costs need only be paid prior to the grant of a motion to open default applies to OCGA § 9-11-55 (b), under which the decision to open default is discretionary with the trial court. See *Copeland v. Carter*, 247 Ga. 542 (1) (277 SE2d 500) (1981).

2. In his third enumeration of error, appellant argues that the default should have been opened under OCGA § 9-11-55 (b), since he allegedly demonstrated excusable neglect, a proper case, and the timely payment of costs. For a trial court to exercise its discretion to grant the opening of default under OCGA § 9-11-55 (b), "there must be *a motion*, meritorious defense, a legal excuse for late filing, and payment of costs." *Gowdey v. Rem Assoc.*, 176 Ga. App. 83 (3) (335 SE2d 309) (1985). (Emphasis supplied.) We find nothing in the record that indicates appellant ever made a written or oral motion to open default. We cannot say that the trial court abused its discretion by failing to do something it was never asked to do.

3. Appellant's last enumeration is that the trial court erred in denying his motion to dismiss. We find no error in the trial court's action. As discussed in Division 1, appellant's motion did not serve as a default-opening pleading. Furthermore, appellant's motion was not a timely motion to dismiss since it was filed after the expiration of the 30-day period established by OCGA § 9-11-12 (b). By being in default, appellant waived his right to contest the trial court's jurisdiction over his person. OCGA § 9-11-12.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 10, 1987.

*W. Jeffrey Langley, Michael S. Huff*, for appellant.
*Richard C. Silver*, for appellee.