A97A0938. MINE CHEN et al. v. ALEXANDER TERRY ASSOCIATES, INC.

(491 SE2d 834)

ANDREWS, Chief Judge.

Alexander Terry Associates, Inc. (ATA) brought an action against three individual defendants, Mine Chen, Ya-Min Xie, and David Ogle, doing business as "R D Design f/k/a and a/k/a Royal Design, Inc." alleging that the defendants owed ATA sales commissions due under a contract. The suit did not seek to impose liability on a corporate defendant but alleged that the individual defendants were personally liable as partners in a business trading under the name of R D Design, which was located in California and did busi-

ness in Georgia. This appeal by the defendants below is taken from the trial court's order entered pursuant to OCGA § 9-11-37 (b) (2) (C) striking an answer allegedly filed by the defendants and rendering judgment in favor of ATA for the defendants' failure to comply with the court's discovery order. The defendants also assert that the trial court erred by failing to grant their motion to dismiss for lack of personal jurisdiction and failure to join an indispensable party.

After the complaint was filed on May 19, 1995, Chen was personally served in California on June 24, 1995, and Ogle was personally served in Georgia on July 6, 1995. On August 30, 1995, ATA moved for a default judgment against Chen and Ogle alleging that they had failed to answer the complaint. The trial court denied ATA's motion for a default judgment because it concluded that a letter filed in the trial court on August 1, 1995, bearing an R D Design letterhead and signed by Elton Wu, an R D Design employee, sufficed as an answer to the suit on behalf of the defendants. Thereafter, ATA served interrogatories and requests for production of documents on the defendants. After the defendants failed to respond, ATA moved for an order compelling responses. On March 22, 1996, the trial court ordered the defendants to respond to the discovery within 15 days. After the defendants failed to comply with the trial court's order, ATA moved for the trial court to sanction the defendants by striking the answer and rendering judgment in its favor by default pursuant to OCGA § 9-11-37.

On August 5, 1996, the defendants, represented by counsel, made a special appearance in the case moving for dismissal of the action on the basis that the trial court lacked personal jurisdiction over the non-resident defendants pursuant to OCGA § 9-11-12 (b) (2) and on the basis that an indispensable party was absent under OCGA § 9-11-19. On August 7, 1996, without ruling on the defendants' dismissal motion, the trial court granted ATA's motion, struck the answer the court previously ruled had been filed by the defendants, and entered a default judgment in favor of ATA.

First, we note that the letter mailed to the trial court from Elton Wu, a non-lawyer employee of R D Design, did not constitute an answer to the complaint by any of the individual defendants. "Only a duly licensed attorney may answer a complaint for [an individual] who does not appear pro se. OCGA § 15-19-51 (a)." *Keith v. Alexander Underwriters General Agency,* 219 Ga. App. 36, 38 (463 SE2d 732) (1995). Thus, the letter did not operate as an appearance by the defendants or as a waiver of any defenses. Id. at 38-39. Neither did the defendants' failure to answer and engage in discovery after being served operate as a waiver of their right to assert lack of personal jurisdiction defenses by motion to open default, by motion to set aside a judgment, or by a subsequent collateral attack. See *Hoesch America*

*v. Dai Yang Metal Co., Ltd.*, 217 Ga. App. 845, 847-848 (459 SE2d 187) (1995). However, none of those procedures is at issue in this case.

In this case, the defendants, while in default under OCGA § 9-11-55 (a), sought to assert a lack of personal jurisdiction defense, along with an indispensable party claim on August 5, 1996, long after the time had expired for asserting those defenses under OCGA § 9-11-12. Because the defendants remained in default, and the motion to dismiss was not timely brought under OCGA § 9-11-12, there was no error in the trial court's refusal to grant or consider the motion. *Stout v. Signate Holding,* 184 Ga. App. 154 (361 SE2d 36) (1987); *S. D. H. Co. v. Stewart,* 135 Ga. App. 505, 508 (218 SE2d 268) (1975).

Although the trial court erred by entering a default judgment in favor of ATA pursuant to OCGA § 9-11-37, ATA was, nevertheless, entitled to the default judgment on the basis that the defendants failed to answer. Accordingly, we affirm the entry of the default judgment in favor of ATA under the right for any reason rule.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 3, 1997.

*F. Glenn Moffett, Jr., George R. Moss,* for appellants.
*Pursley, Howell, Lowery & Meeks, Roy H. Meeks, Jr.,* for appellee.