A99A0773. SIDWELL et al. v. SIDWELL et al.
(515 SE2d 634)

Judge Harold R. Banke.

John L. Sidwell and Dorothy B. Sidwell (hereinafter the "Estate") brought suit against their son, Jim A. Sidwell and his wife, Cynthia Sidwell for the unpaid balance due on a $50,000 promissory note executed in 1992.[1] The Sidwells failed to timely respond to the complaint.[2] In their untimely answer, the Sidwells pleaded the defense of insufficient service of process based on the fact that the Summons stated Gwinnett County State Court instead of Gwinnett County Superior Court. However, the case caption on the complaint stated "IN THE SUPERIOR COURT OF GWINNETT COUNTY" and on the Sheriff's Entry of Service, the box was checked next to Superior Court.

---

[1] While the underlying action was pending, John L. Sidwell died and the Estate was substituted as a party.

[2] Although the Sidwells were served with the complaint on November 14, 1997, they did not file an answer until January 30, 1998.

On the same day they filed their untimely answer, the Sidwells moved to dismiss the complaint or in the alternative to open default. In separate affidavits in support of their motion to open default, both Cynthia Sidwell and Jim Sidwell admitted that they had been served with the lawsuit. According to Cynthia Sidwell, they did not answer the complaint because they did not want to cause John Sidwell any emotional distress.

After finding that the summons was void, the trial court dismissed the Estate's complaint. The Estate then commenced this appeal. *Held*:

1. The Estate contends that the trial court erred in granting the Sidwells' motion to dismiss. The Estate claims that it was deprived of a judgment to which it was entitled. Our review of this procedural issue is de novo. See *State v. Tate*, 208 Ga. App. 117, 120 (430 SE2d 9) (1993).

By failing to timely respond to the complaint, the Sidwells waived the defense of insufficiency of process. *Stout v. Signate Holding*, 184 Ga. App. 154, 155 (3) (361 SE2d 36) (1987) (by failing to timely answer complaint, defendant waived right to contest court's jurisdiction); see *McDonough Contractors v. Martin & DeLoach Paving &c.*, 183 Ga. App. 428, 429 (1) (359 SE2d 200) (1987) (defense of improper venue waived if not brought before default judgment); *Brumit v. Mull*, 165 Ga. App. 663, 665 (2) (302 SE2d 408) (1983); see OCGA § 9-11-12 (h).

The Sidwells' argument that the process was void is without merit even had that defense not been waived. Under similar facts where the complaint and sheriff's entry of service designated the correct court but the summons did not, we found that the irregularity amounted to an amendable defect. *Holt v. Scott*, 226 Ga. App. 812, 817 (4) (487 SE2d 657) (1997). The defect here was similarly amendable and did not render the process void. Id.; compare *Gandy v. Brown*, 173 Ga. App. 740, 741 (327 SE2d 850) (1985) (without legal service or the waiver thereof, court lacks jurisdiction to enter any judgment except to dismiss).

When this case lapsed into default after the expiration of the 15-day statutory grace period, the Estate became entitled to verdict and judgment by default as if every item and paragraph of its complaint was supported by proper evidence. OCGA § 9-11-55 (a). Instead, the trial court dismissed the complaint. Although OCGA § 9-11-55 (b) empowers a trial court with broad discretion to open default, that discretion is not without limit. *First Union Nat. Bank v. Floyd*, 198 Ga. App. 99, 101 (2) (400 SE2d 393) (1990); see *Fulton County Hosp. Auth. v. Hyman*, 189 Ga. App. 613, 614 (1) (376 SE2d 689) (1988).

By erroneously dismissing the Estate's complaint, the trial court enabled the Sidwells to circumvent the strict requirements for open-

ing default. At a minimum, opening default requires proof of a providential cause which prevented the filing of the required pleadings, or excusable neglect, or a proper case.[3] OCGA § 9-11-55 (b). A legal excuse for nonappearance is an implicit requirement for opening default. *West Court Square v. Assayag*, 131 Ga. App. 690, 691 (2) (206 SE2d 579) (1974).

Here, the Sidwells offered no evidence of providential cause or excusable neglect. See *Coleman v. Dairyland Ins. Co.*, 130 Ga. App. 228, 229 (202 SE2d 698) (1973) (ignorance of the significance of the complaint and preoccupation with a critically ill child do not constitute "excusable neglect"). Nor did they show this was a "proper case." *Floyd*, 198 Ga. App. at 101 (2) ("Proper case" does not vest a court with unbridled discretion to open default for reasons falling short of a reasonable excuse for failure to answer). Although the Sidwells testified that they did not answer the lawsuit because they did not want to upset the elder Sidwell, they still did not bother to file a response until 25 days after he died. See *Brown v. Nat. Van Lines*, 145 Ga. App. 824, 825 (245 SE2d 27) (1972) (wilful disregard of process of the court cannot be sanctioned). Such self-serving rationalization, without more, did not constitute a "proper case" within the meaning of OCGA § 9-11-55 (b). See *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997). Because the Sidwells did not satisfy any of the three mandatory statutory grounds for opening default, the trial court had no discretion in the matter. *Ga. Hwy. Express Co. v. Do-All Chem. Co.*, 118 Ga. App. 736, 737 (165 SE2d 429) (1968); *B-X Corp. v. Fulton Plumbing Co.*, 140 Ga. App. 131, 132-133 (2) (230 SE2d 331) (1976). We, therefore, reverse the dismissal of this action and remand for determination of the amount of unpaid principal and interest which the Sidwells must pay to the Estate on the promissory note.

2. The Estate contends that the trial court erred in refusing to enforce the parties' consent agreement. Although the Sidwells acknowledged receiving the proposed consent order as well as signing it and returning it to the Estate's counsel, the Estate failed to direct our attention to any legally enforceable document in the record which bears the court's signature and was filed with the clerk. OCGA § 9-11-58 (b). As such, there is nothing to enforce.

*Judgment reversed and case remanded with direction. Pope, P. J., and Smith, J., concur.*

---

[3] It also requires the payment of costs, a showing under oath, a statement of a meritorious defense, an offer to plead instanter and an announcement of ready to proceed to trial. OCGA § 9-11-55 (b).

DECIDED APRIL 2, 1999 —
RECONSIDERATION DENIED APRIL 22, 1999 — 

*Moulton & Massey, Terry N. Massey, Kristine M. Tarrer*, for appellants.

*Gandy, Rice & Sundberg, Leon S. Gandy, Jr.*, for appellees.