A00A0360. CHEROKEE WAREHOUSES, INC. et al. v. BABB LUMBER COMPANY, INC.
(535 SE2d 254)

RUFFIN, Judge.

We granted the application for discretionary appeal filed by Cherokee Warehouses, Inc. d/b/a Cherokee Warehouses Material Handling Division (Cherokee). In five enumerations of error, Cherokee contends that the trial court erred in concluding that it had received valid service of process.

The undisputed facts show that Cherokee was a Tennessee corporation that was registered to do business in Georgia and that it maintained a registered agent in this state for service of process. In 1995, Cherokee sold a forklift to Babb Lumber Company, Inc. Babb Lumber filed suit against Cherokee in Georgia alleging that the forklift was defective. On December 17, 1998, Babb Lumber moved for appointment of a process server, and the trial court appointed Jerry Morris. Rather than serving Cherokee's registered agent, Morris served the owner of the company at his Tennessee office.

Cherokee did not respond to Babb Lumber's complaint, and on April 21, 1999, the trial court granted Babb Lumber's motion for default judgment. The trial court entered judgment against Cherokee in the amount of $95,006 plus interest. Cherokee subsequently filed a motion to set aside the default judgment, arguing that the extraterritorial service of process was invalid. The trial court concluded that Babb Lumber was authorized to serve Cherokee by serving an officer of the company and denied Cherokee's motion.

Under OCGA § 9-11-4 (d) (1), if an action is against a corporation incorporated or domesticated under the laws of this state or a foreign corporation authorized to do business in this state, then service shall be made by delivering a copy of the summons "to the president or other officer of the corporation, secretary, cashier, managing agent, or other agent thereof." Based upon the language of this Code section, the trial court concluded that extraterritorial service upon an officer of the company was permitted. We disagree.

In construing statutes, a court must "give meaning to and harmonize all parts of the statute to give them sensible and intelligent effect, while avoiding constructions that make any part of the statute mere surplusage."[1] In construing OCGA § 9-11-4, we must address subsection (f), which provides that "process may be served anywhere within the territorial limits of the state and, when a statute so provides, beyond the territorial limits of the state." Although the trial court concluded that OCGA § 9-11-4 (d) (1) permits extraterritorial service on an officer of the corporation, nothing in that subsection expressly permits service of process beyond Georgia's borders.

Moreover, OCGA § 9-11-4 (d) (2) specifically provides that service of process upon a foreign corporation doing business within this state and having an agent within this state *shall* be made "to such agent, cashier, or secretary or to an agent designated for service of process." The trial court's determination that extraterritorial service of process can be made to an officer of the company renders this subsection unnecessary, which runs counter to the rules of statutory construction.[2] Accordingly, to the extent the trial court concluded that extraterritorial service of process was proper under OCGA § 9-11-4 (d) (1), the trial court erred.[3]

Although the reason for the trial court's ruling may be wrong, we may still affirm that ruling if it is right for any reason.[4] Here, Babb

---

[1] *Tolbert v. Maner*, 271 Ga. 207, 208 (1) (518 SE2d 423) (1999).

[2] See id.

[3] See *Todd v. Harnischfeger Corp.*, 177 Ga. App. 356, 357 (340 SE2d 22) (1985) (physical precedent only) (as defendant "did not have an agent, secretary, or cashier within the state, personal service was required to be made on its registered agent").

[4] *Rozier v. Berto*, 230 Ga. App. 427, 430 (496 SE2d 544) (1998).

Lumber contends that the trial court's ruling was right because, even if service was improper under OCGA § 9-11-4, it was proper under Georgia's Long Arm Statute.[5] Again, we disagree. The Long Arm Statute applies only to nonresidents,[6] which term is defined, in pertinent part, as a corporation that "is not organized or existing under the laws of this state and is not authorized to do or transact business in this state at the time a claim or cause of action . . . arises."[7] As Cherokee was authorized to do business in Georgia, it is not subject to service of process under the Long Arm Statute.

Finally, Babb Lumber contends that service was proper because it was made in the manner "most reasonably calculated to give [Cherokee] notice." In other words, Babb Lumber suggests that, having received actual notice, Cherokee has no grounds for complaint. We find Babb Lumber's argument flawed.

"A court's power to render a judgment binding on the parties depends at the outset upon it having jurisdiction."[8] "In the absence of service in conformity with the statutory rules, or the waiver thereof, no jurisdiction over the defendant is obtained by the court, and any judgment adverse to the defendant is absolutely void."[9] And actual knowledge of a pending suit does not obviate the need for valid service of process.[10]

In this case, the record does not demonstrate either that Cherokee received service of process in accordance with the law or that Cherokee waived such service. Accordingly, the trial court lacked jurisdiction over Cherokee, and its judgment is void.

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

Decided May 25, 2000 

*Witt, Gaither & Whitaker, Paul Campbell III, Cynthia D. Hall*, for appellants.

*John O. Wiggins*, for appellee.

---

[5] See OCGA § 9-10-90 et seq.

[6] *Allstate Ins. Co. v. Klein*, 262 Ga. 599, 600 (422 SE2d 863) (1992).

[7] OCGA § 9-10-90; see *Allstate*, supra at 601 ("[i]t is apparent from the language of this definition that a corporation which *is* 'authorized to do or transact business in this state at the time a claim' arises is a 'resident' ") (emphasis in original).

[8] *Hoesch America v. Dai Yang Metal Co., Ltd.*, 217 Ga. App. 845 (1) (459 SE2d 187) (1995).

[9] (Punctuation omitted.) *Stamps v. Bank South, N.A.*, 221 Ga. App. 406, 408 (1) (471 SE2d 323) (1996).

[10] *In the Interest of D. R. W.*, 229 Ga. App. 571, 574 (1) (494 SE2d 379) (1997).