## A01A1446. HOOPER v. STATE OF GEORGIA.
### (555 SE2d 842)

PHIPPS, Judge.

John Wayne Hooper, as executor of the estate of John L. Hooper, appeals the trial court's order forfeiting certain real property owned by John L. Hooper and a tavern and mobile home located on the property.[1] He claims that the State failed to prove a prima facie case for forfeiture and that the trial court's determination that the forfeiture was not excessive was clearly erroneous. We agree that the State failed to sustain its burden of proof with respect to the property containing the tavern, but find that the State met its burden with respect to the property containing the mobile home. On the excessiveness issue, we find that Hooper has failed to meet his burden of proof and therefore affirm the forfeiture of the property containing the mobile home.

In November and December 1998, an investigator with the Piedmont Multi-Agency Narcotics Squad made seven separate undercover purchases of methamphetamine from John L. Hooper and Darrell Elrod at Hooper's mobile home residence located at 852 Pleasant Hill Church Road in Winder. On December 22, investigators executed a search warrant on John L. Hooper, Elrod and the property at 852 Pleasant Hill Church Road. They found Elrod in the mobile home and Hooper in the office section of the Valley Tavern Bar, which is approximately 50 feet from the mobile home. The investigators seized less than one gram of methamphetamine from Hooper's pants pocket. They also seized two videocameras and one monitor that had been set up to provide a view of the front yard of the residence and the area between the residence and the back door of the tavern.

Piedmont Multi-Agency Narcotics Squad investigators had executed search warrants on the same property in 1995 and 1996. During the 1995 search, they did not recover any drugs but found more than $8,000 in Hooper's mobile home. In 1996, they again seized more than $8,000 from Hooper's mobile home and seized 1.2 grams of

---

[1] John L. Hooper died before the hearing on the forfeiture proceeding. His will named his son John Wayne Hooper as executor of his estate and devised all of his property to his four children.

methamphetamine from insulation found in the yard between the tavern and the mobile home. They also searched the nearby residence of Randy Hooper (one of Hooper's sons) and seized $12,000 from PVC pipe located in his backyard.

In February 1999, the State filed a complaint for forfeiture of the real property known as 852 Pleasant Hill Church Road and all improvements thereon, the video equipment and $189 in cash. In its complaint, the State described the defendant real property as two separate tracts. For Tract One, the State provided a formal legal description. For Tract Two, which encompassed more than 25 acres, the State referred to a 1964 plat, not included in the record, for a further description of the property. The State then carved out five separate parcels from Tract Two as exceptions. One of the exceptions was Tract One, which had been deeded to Gary Hooper (another of Hooper's sons) in 1978. The complaint alleges and Hooper admits in his answer that law enforcement officers executed a search warrant at the mobile home residence located on the defendant real property. The complaint does not allege that the tavern is located on the defendant real property.

At the hearing on the forfeiture proceeding, the State did not offer any evidence that either the tavern or the mobile home was located on the defendant property. Neither party offered any evidence as to the value of the property. Following the hearing, the trial court determined that the Valley Tavern, the mobile home, the property on which they are located and cash found on the property and on Hooper were subject to forfeiture. The court ordered that the property named by the State in its complaint be forfeited to the State and directed the prosecuting attorney to prepare orders for the distribution of the forfeited property.

1. Hooper argues that the State failed to meet its burden of proving which parcel, if any, contained the mobile home.

To meet its burden of proving a prima facie case for forfeiture, the State must establish by a preponderance of the evidence that the property sought to be forfeited falls into one of six categories of property declared to be contraband under OCGA § 16-13-49 (d).[2] Because Hooper admitted in his answer that the mobile home residence was located on the defendant real property, the State had no obligation to present evidence to that effect at the hearing.[3] But Hooper made no admissions regarding the tavern. Although evidence was presented that the tavern and the mobile home were in relatively close proximity, the State offered no proof that the tavern was located on the

---

[2] *Hinton v. State of Ga.*, 224 Ga. App. 49 (1) (479 SE2d 424) (1996).

[3] OCGA § 24-3-30.

defendant real property. "Absent such evidentiary nexus between the parcel found to be subject to forfeiture and the parcels alleged to be subject to forfeiture, there is a failure with regard to the specificity of the legal description in the complaint and a failure of proof with regard to the [S]tate's evidentiary burden. . . ."[4]

The State seeks to distinguish *Stancil* because it involved three separate parcels of land, only one of which was ruled subject to forfeiture. Although we recognize the factual distinctions, we find the rule set forth in *Stancil* equally applicable here. The State provided a confusing description of the property in its complaint and made no effort to show that the described property contained the tavern. As a result, we find that the evidence was insufficient to support the forfeiture of the property containing the tavern and reverse the trial court's forfeiture of that property.[5]

2. Given our holding in Division 1, we need only examine the trial court's determination that the forfeiture was not excessive with respect to the property containing the mobile home. We reject the State's contention that Hooper failed to raise the excessiveness issue in the trial court.

In 1994, the Supreme Court of Georgia adopted a three-factor analysis as the minimal inquiry for analyzing a claim that a forfeiture violates the Eighth Amendment's prohibition against excessive fines.[6] The factors are: (1) the inherent gravity of the offense compared with the harshness of the penalty; (2) whether the property seized was close enough to the offense to render it "guilty"; and (3) whether the criminal activity involving the defendant property was extensive in terms of time and/or spatial use.[7] To evaluate the harshness of the penalty, the court must consider the monetary value of the property forfeited as well as the intangible value of the type of property involved, particularly whether it is a home.[8]

The State suggests that the test established in *Thorp* may no longer be viable given the United States Supreme Court's decision in *United States v. Bajakajian,*[9] which involved a criminal forfeiture. In *Bajakajian,* the court held that "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense."[10] Any analysis under this standard would

---

[4] (Citation and emphasis omitted.) *Stancil v. State of Ga.*, 230 Ga. App. 240, 241-242 (a) (495 SE2d 870) (1998).

[5] Id.

[6] *Thorp v. State of Ga.*, 264 Ga. 712, 717-718 (3) (450 SE2d 416) (1994).

[7] Id.

[8] Id. at 717.

[9] 524 U. S. 321 (118 SC 2028, 141 LE2d 314) (1998).

[10] Id. at 334 (III) (A).

require some consideration of the value of the property forfeited.[11]

We do not reach the issue of whether the test established in *Thorp* has been supplanted by *Bajakajian* because we find that under either standard, Hooper has failed to meet his burden of proving that the forfeiture was excessive by coming forward with some evidence regarding the value of the defendant real property.[12] In its final order of forfeiture, the trial court stated that it had applied the *Thorp* test and determined that the forfeiture was not excessive. Although we agree that the trial court could not have properly applied that test without any evidence regarding the value of the real property, we nevertheless affirm the forfeiture of the property containing the mobile home because Hooper had the burden to present some evidence of the property's value and failed to meet it.[13] The specific property to be forfeited shall include only that portion of the defendant real property on which the mobile home sits and the mobile home itself.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 25, 2001 —
RECONSIDERATIONS DENIED NOVEMBER 27, 2001.

*Ralph J. Hunstein*, for appellant.
*Timothy G. Madison, District Attorney, Thomas W. Hayes, Gary D. Bergman*, for appellee.

---

[11] See id. at 336-340.

[12] See *United States v. 817 N.E. 29th Drive*, 175 F3d 1304, 1309 (11th Cir. 1999) (to sustain his contention that forfeiture of his property violates the Eighth Amendment, property owner must demonstrate that forfeiture is excessive).

[13] See *Cherokee Warehouses v. Babb Lumber Co.*, 244 Ga. App. 197, 198 (535 SE2d 254) (2000) (although the reason for a trial court's ruling may be wrong, we may affirm if it is right for any reason).