## A02A2243. HOOPER v. STATE OF GEORGIA.
### (572 SE2d 340)

JOHNSON, Presiding Judge.

This is an in rem forfeiture case under OCGA § 16-13-49. It is the second appearance of the case before us. In the initial appeal, we reversed the trial court's forfeiture of property containing a tavern, but affirmed the forfeiture of property upon which a mobile home was located.[1] Specifically, we held as follows: "The specific property to be forfeited shall include only that portion of the defendant real

---

property on which the mobile home sits and the mobile home itself."[2]

On remand, the trial court made our opinion the order of the trial court. In the same order, the trial court attempted to interpret our decision, finding as follows:

> Only the mobile home and that parcel of the defendant real property that "contain[s] the mobile home" shall be forfeited. This entire parcel shall be forfeited, not merely that portion of said parcel that is beneath the mobile home. The opinion in *Hooper* makes it clear that "the state met its burden with respect to the property *containing* the mobile home." The opinion's reference to "that portion of the defendant real property on which the mobile home sits" is meant to distinguish the parcel upon which the mobile home sits from other parcels that were included in the original description of the defendant real property. This language was not meant to limit the forfeiture of the defendant real property to the footprint of the mobile home.

Hooper appeals, contending the trial court erroneously interpreted our initial opinion. We agree and reverse the trial court's order.

In the initial appeal, we held that the state provided a confusing description of the property in its complaint.[3] For Tract Two, which encompassed more than 25 acres and included the mobile home, the state referred to a 1964 plat, not included in the record, for a further description of the property.[4] The state then carved out five separate parcels from Tract Two as exceptions. However, the state failed to provide any description of the property actually included in Tract Two.

Because Hooper admitted in his answer that the mobile home residence was located on the defendant real property, we found that the state had met its burden of proving a prima facie case of forfeiture with respect to the mobile home. However, since the state failed to provide any description of where the mobile home was located in Tract Two, we held that the specific property to be forfeited only included "that portion of the defendant real property on which the mobile home sits and the mobile home itself." This holding is supported by our opinion in *State of Ga. v. Wilbanks*.[5]

The state argues that such a ruling "would result in such ingress and egress, easement, subdivision legality, deed restriction violation

---

[2] Id. at 577 (2).
[3] Id. at 576 (1).
[4] Id. at 575.
[5] 208 Ga. App. 422, 423 (1) (430 SE2d 668) (1993).

and practical usefulness problems that it would be impossible to obtain marketable or insurable title to either of the two resulting parcels." However, these problems could easily have been remedied had the state provided this Court with the necessary property descriptions in the initial appeal. The only reason the state received any forfeiture was due to Hooper's admission that the mobile home was located on the defendant real property, not the state's proof at the forfeiture proceeding. Because the state failed to provide any property descriptions at the forfeiture proceeding or in the initial appeal, it is limited to recovering the mobile home and the defendant real property which encompasses "the footprint of the mobile home."

*Judgment reversed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 8, 2002.

*Ralph J. Hunstein*, for appellant.
*Timothy G. Madison, District Attorney, Thomas W. Hayes, Gary D. Bergman*, for appellee.