A03A0634. BALMER et al. v. ELAN CORPORATION et al.
(583 SE2d 131)

ELDRIDGE, Judge.

This is an interlocutory appeal filed by plaintiffs-appellants Damon E. Balmer, Durrelle Fauntleroy, Shannon L. Garrett, Karen R. Horowitz, Jose A. Quinones, Robin L. Riddle, and Cynthia T. Stewart, former employees of defendants-appellees Elan Corporation, PLC, Elan Holdings, Inc., and Elan Pharmaceutical Research Corporation ("Elan"). The appellants, whom Elan terminated from at-will employment on August 1, 2000, appeal, contending that the superior court erred in granting Elan's motion to dismiss their complaint for money damages insofar as it asserted wrongful discharge for breach of a promise-not-to-fire, promissory estoppel, and fraud.[1] The appellants also challenge the trial court's order dismissing Elan Corporation, PLC from the suit for want of personal jurisdiction. These claims of error as without merit, we affirm.

A motion to dismiss should not be granted unless, upon viewing the pleadings in the light most favorable to the plaintiff, it appears to a certainty that the plaintiff would not be entitled to relief under any state of facts which might be proved in support of plaintiff's claim. *Bourn v. Herring*, 225 Ga. 67, 70 (166 SE2d 89) (1969); *Wehunt v. ITT Business Communications Corp.*, 183 Ga. App. 560, 561 (2) (359 SE2d

---

[7] *Tutu v. State*, 252 Ga. App. 12 (555 SE2d 241) (2001).
[1] The superior court denied the defamation count of the appellants' complaint.

383) (1987). Our review is de novo. *Sidwell v. Sidwell*, 237 Ga. App. 716, 717 (1) (515 SE2d 634) (1999).

By their complaint, the appellants aver that, in 2000, Elan promised that they would not be discharged for cooperating with the Food and Drug Administration's ("FDA") inspection of Elan facilities in Gainesville that year. The appellants further aver that they cooperated with and provided truthful information to the FDA; that Elan thereafter fired them for providing the FDA with false information and withholding other information; and that Elan falsely told the FDA that they had been fired in that they had "deviated from procedures, despite their acknowledged training to the contrary." *Held*:

1. (a) *Promise-not-to-fire.* The appellants contend that the trial court erred in dismissing their wrongful discharge for breach of promise-not-to-fire claim. In effect, they argue the "freedom of contract" as a public policy exception to the general rule that at-will employment in Georgia may be terminated for any or no reason — that is, Elan here forfeited its immunity from liability for wrongful discharge upon its promise-not-to-fire, a contractual amendment of appellants' at-will employment.

> Pursuant to OCGA § 34-7-1, an at-will employee generally may be terminated for any reason, and the employee may not recover from the employer in tort for wrongful discharge. Although there can be public policy exceptions to the doctrine, judicially created exceptions are not favored, and Georgia courts thus generally defer to the legislature to create them.

*Reilly v. Alcan Aluminum Corp.*, 272 Ga. 279-280 (528 SE2d 238) (2000). At-will employees terminated in violation of public policy established by specific state or federal laws may pursue such statutory remedy, as appropriate, notwithstanding the provisions of OCGA § 34-7-1 as barring any recovery from the employer upon the termination of an at-will employee. *Borden v. Johnson*, 196 Ga. App. 288, 290 (395 SE2d 628) (1990), citing *A. L. Williams & Assoc. v. Faircloth*, 259 Ga. 767, 769 (3) (c), n. 4 (386 SE2d 151) (1989). However, unless our General Assembly has created a specific exception to OCGA § 34-7-1, an at-will employee has no viable state remedy in the form of a tort action for wrongful discharge against his or her former employer. "Courts may interpret laws, but may not change them. These inadequacies in our existing law, however, if they be such, cannot be supplied by the courts, and may only be corrected by the General Assembly." (Citations and punctuation omitted.) *Evans v. Bibb Co.*, 178 Ga. App. 139-140 (1) (342 SE2d 484) (1986). The General Assembly not having enacted the "freedom to contract" as a public

policy exception under OCGA § 34-7-1, a tort action for wrongful discharge on such basis, as here, does not lie. *Evans v. Bibb Co.*, supra. Moreover, the instant oral promise-not-to-fire, as in essence not more than an oral contract of employment for an indefinite period of time, is terminable at will and not affected by the Statute of Frauds. *Guinn v. Conwood Corp.*, 185 Ga. App. 41, 42 (1) (363 SE2d 271) (1987).

(b) *Promissory estoppel.* The appellants argue promissory estoppel as applicable under the circumstances of this case, their detrimental reliance on Elan's promise-not-to-fire as sufficient to except their situation from the general rule as to the terminability of at-will employment. We disagree. The doctrine of promissory estoppel codified at OCGA § 13-3-44 (a) has no application to enforce executory promises pertaining to employment for an indefinite term. *Barker v. CTC Sales Corp.*, 199 Ga. App. 742, 743 (2) (406 SE2d 88) (1991). The instant promise-not-to-fire as executory and for an indefinite term, such promise is unenforceable upon promissory estoppel doctrine. Id. Further, the appellants have shown no substantial change of position to their detriment in reliance upon the promise in issue. "Detrimental reliance which causes a substantial change in position will constitute sufficient consideration to support promissory estoppel. *Mooney v. Mooney*, [235 Ga. App. 117, 119 (1) (508 SE2d 766) (1998)]." *Clark v. Byrd*, 254 Ga. App. 826, 828 (1) (b) (564 SE2d 742) (2002).

(c) *Fraud and deceit.* Neither do appellants state a claim for relief upon the claim that they were defrauded by Elan's promise of lifetime employment. Although fraud can be predicated on a misrepresentation as to a future event where the defendant knows the future event will not take place, fraud cannot be predicated on a promise which is unenforceable at the time it is made. *Cannon v. Geneva Wheel &c. Corp.*, 172 Ga. App. 20, 21 (322 SE2d 69) (1984). That the underlying employment contract was terminable at will and unenforceable, *Ely v. Stratoflex*, 132 Ga. App. 569, 572 (2) (208 SE2d 583) (1974), the promise-not-to-fire made thereon and challenged as fraudulent is not actionable as such. Id.; *Johnson v. MARTA*, 207 Ga. App. 869, 870 (1) (429 SE2d 285) (1993).

Accordingly, the trial court properly dismissed appellants' claims for breach of promise-not-to-fire, promissory estoppel, and fraud and deceit. *Wehunt v. ITT Business Communications Corp.*, supra; *Bourn v. Herring*, supra; *Sidwell v. Sidwell*, supra.

2. Neither is there merit in appellants' claim that the trial court erred in dismissing appellee-defendant Elan Corporation, PLC from the suit under OCGA § 9-10-91.[2] A tortious act against Elan Corpora-

---

[2] OCGA § 9-10-91 pertinently provides:
A court of this state may exercise personal jurisdiction over any nonresident . . . as to a cause of action arising from any of the acts, omissions, ownership, use, or pos-

tion, PLC here has not been alleged, Division 1, supra; see also *Process Control Corp. v. Witherup Fabrication & Erection*, 439 FSupp. 1284, 1286, n. 1 (N.D. Ga. 1977) ("A 'tortious act' is 'an act of such character as to subject the actor to liability' under tort principles."). For OCGA § 9-10-91 to confer extraterritorial jurisdiction over a foreign corporation, it is essential that there has occurred a tortious act in Georgia by such foreign corporation; there has been none. *Gust v. Flint*, 257 Ga. 129, 130 (356 SE2d 513) (1987).

Citing *Massey v. Perkerson*, 129 Ga. App. 895 (201 SE2d 830) (1973), the appellants otherwise argue that their complaint as alleging personal jurisdiction over Elan Corporation, PLC must be taken as true on motion to dismiss.[3] However, the appellants misconstrue *Massey* in that "[u]nder the Civil Practice Act when the sufficiency of a complaint is questioned, the pleadings must be construed in the light most favorable to the plaintiff." Id. at 896 (1). So reviewed, we conclude that appellants have failed to make a sufficient showing of a tort committed in Georgia in this case as to Elan Corporation, PLC. Further, although the appellants' defamation count remains pending in the trial court, "defamation of character arising from the act" is excepted from OCGA § 9-10-91 (2). "The language of the statute is clear, unequivocal and unambiguous in mandating the exclusion of an action predicated on defamation." *Cassells v. Bradlee Mgmt. Svcs.*, 161 Ga. App. 325, 327 (2) (291 SE2d 48) (1982) ("*Bradlee I*"); see also *Bradlee Mgmt. Svcs. v. Cassells*, 249 Ga. 614, 617-618 (292 SE2d 717) (1982) (affirming *Bradlee I* on federal precedent to the contrary but without adopting the same).[4] Thus, personal jurisdiction over nonres-

---

session enumerated in this Code section, in the same manner as if he were a resident of the state, if in person or through an agent, he: (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; [or] (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business . . . or derives substantial revenue from goods used . . . or services rendered in this state.

[3] Appellant alleged personal jurisdiction over Elan Corporation, PLC by averring its status as "an Irish Corporation headquartered in Dublin, Ireland . . . although not authorized to transact business in Georgia, does in fact transact business in this state through its Elan Pharmaceutical Operations division"; that Elan Corporation, PLC "did in fact transact the business and commit the acts or omissions alleged in this complaint and which created the causes of action herein"; and that the Elan "defendants are all part of the Elan Pharmaceutical complex of companies . . . [which] frequently merges its identities and any alleged separateness of activities by simply referring to itself as 'Elan.'"

[4] Among other federal cases, the court pointed to *Process Control Corp. v. Witherup Fabrication & Erection*, supra at 1287, which held that in light of Georgia's policy to exercise jurisdiction over nonresident defendants to the "maximum extent permitted by procedural due process, . . . Georgia courts do have jurisdiction over nonresident defendants in defamation cases when there exist requisite minimum contacts other than the commission of the tort itself. [Cits.]" *Bradlee Mgmt. Svcs. v. Cassells*, supra.

ident Elan Corporation, PLC does not obtain, and the trial court's dismissal of Elan Corporation, PLC was proper.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 13, 2003 —
RECONSIDERATION DENIED JUNE 6, 2003 —

*Orr & Orr, E. Wycliffe Orr*, for appellants.

*Seyfarth, Shaw, Fairweather & Geraldson, John F. Meyers, Latonya S. Moore*, for appellees.