**THIRD DIVISION
DILLARD, P. J.,
GOBEIL and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 24, 2019**

# In the Court of Appeals of Georgia

A19A0826. WARD v. MARRIOTT INTERNATIONAL, INC.

HODGES, Judge.

Plaintiff Thelma Ward ("Ward"), on behalf of her decedent spouse, Jimmie Ward, appeals from a trial court order granting Marriott International, Inc.'s ("Marriott") motion to dismiss for lack of personal jurisdiction and effectively denying her motion for default judgment. Because the trial court improperly applied existing law governing personal jurisdiction in Georgia and allowed Marriott to circumvent the strict requirements to open default, we reverse the dismissal of this case and remand to the trial court to proceed with Ward's motion for entry of default judgment.

The record shows that on August 29, 2017, Ward, a Georgia resident, sued Marriott in Cobb County State Court for simple negligence and negligence per se

after a handicap shower seat broke, causing Jimmie to suffer injuries. The injuries were sustained at a Marriott hotel in Texas. Ward's complaint alleged that

> Defendant Marriott . . . is a corporation duly registered to conduct business in the State of Georgia. It is subject to the jurisdiction of this Court and may be served through its registered agent, Corporate Creations Network Inc. at 2985 Gordy Parkway, 1st Floor, Cobb, Marietta, Georgia 30066, USA.

An affidavit of service indicates that Marriott was personally served through an authorized agent at that address on August 30, 2017.

Marriott failed to answer the complaint, and on November 1, 2017, Ward moved for the entry of default judgment. The following day, Marriott answered the complaint and asserted a number of defenses, including lack of personal jurisdiction. The answer claimed that Marriott was "without sufficient information to form a belief as to the truthfulness of the allegations contained in" many paragraphs of the complaint. Marriott also served Ward with interrogatories and requests for the production of documents.

On November 21, 2017, three weeks after Ward moved for the entry of default, Marriott filed a number of documents: an amended answer, a demand for jury trial, a request for discovery that admitted Marriott was in default for failing to timely file an answer, and, most importantly for purposes of this appeal, a motion to dismiss for

2

lack of personal jurisdiction. Ward opposed the motion to dismiss and moved to strike Marriott's answer. Following oral argument on the pending motions, the trial court granted Marriott's motion to dismiss for lack of personal jurisdiction, effectively denying Ward's motion for default judgment. In three related enumerations, Ward challenges the propriety of the trial court's grant of Marriott's motion to dismiss and denial of her motion for default judgment.

This case presents the following jurisdictional issue: Can a foreign corporation registered and authorized to do business in Georgia avoid default by filing a motion to dismiss for lack of personal jurisdiction after its time to open default as a matter of right has passed? A thorough analysis of existing Georgia default and personal jurisdiction law mandates that we answer the question in the negative.

1. *Georgia default law*. Under Georgia law, a defendant must answer a complaint within 30 days after service of the summons and complaint upon it, unless otherwise provided by statue. OCGA § 9-11-12 (a). Failure to do so results in an automatic default:

> If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs. If the

3

case is still in default after the expiration of the period of 15 days, the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence[.]

OCGA § 9-11-55 (a). Accordingly, because Marriott failed to answer the complaint for 64 days, Ward was automatically entitled to default judgment as if every item and paragraph of her complaint were supported by proper evidence.[1] See *Sidwell v. Sidwell*, 237 Ga. App. 716, 717 (1) (515 SE2d 634) (1999). In fact, Marriott admitted in its subsequently filed request for discovery that "[t]he above-styled case is in default as [Marriott] failed to file a timely Answer."

---

[1] Marriott correctly points out that "while a default operates as an admission of the well-pled factual allegations in a complaint, it does not admit the legal conclusions contained therein." (Citation omitted.) *Fink v. Dodd*, 286 Ga. App. 363, 365 (1) (649 SE2d 359) (2007). Using this principle, Marriott argues that Ward's assertion in her complaint regarding jurisdiction is a legal conclusion and, therefore, Ward was not entitled to default on the jurisdictional issue. However, as will be more thoroughly explained in Division 2 (a), Ward's complaint included the following facts sufficient to support jurisdiction and Ward's request for default: Marriott is a corporation duly registered to conduct business in the State of Georgia and could be served through its registered agent in Georgia. See, e.g., *Allen v. Allston*, 141 Ga. App. 572, 574 (2) (234 SE2d 152) (1977) ("Here the defendant was personally served in Fulton County; the complaint alleged that he was a resident of Fulton County and his failure to file responsive pleadings admitted all well pleaded allegations including this one.").

"After the 15-day grace period for opening default as a matter of right under OCGA § 9-11-55 (a), a trial court has no discretion to open default" unless the defendant complies with the conditions of OCGA § 9-11-55 (b). (Citation omitted.) *Samadi v. Fed. Home Mortgage Loan*, 344 Ga. App. 111, 115 (1) (809 SE2d 69) (2017). In addition, if default is not opened, the issue of liability is concluded, and the only issue a defendant can defend against is the amount of damages. *Flanders v. Hill Aircraft & Leasing Corp.*, 137 Ga. App. 286, 287 (223 SE2d 482) (1976) (reversing trial court, which allowed a defaulting defendant to present evidence regarding the right of recovery).

That being said, default may be opened at the discretion of the trial court if certain requirements are met:

> At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court. In order to allow the default to be thus opened, the showing shall be made under oath, shall set up a meritorious defense, shall offer to plead instanter, and shall announce ready to proceed with the trial.

OCGA § 9-11-55 (b).

5

Here, Marriott filed an answer, amended answer, discovery requests, demand for jury trial, and a motion to dismiss. In its request for discovery, Marriott alleged it filed a motion to open default, but it is undisputed that no such motion was ever filed. In fact, the trial court's order indicates that Marriott "has repeatedly stated that they do not need to open Default because there is no jurisdiction." We thus turn to an overview of Georgia's personal jurisdiction law.

2. *Georgia personal jurisdiction law*. In Georgia, "[a]llowing a case to go to default judgment is no better than allowing a case to be tried on the merits before coming in with a technical defense." (Citation omitted.) *Cotton v. Ruck*, 157 Ga. App. 824 (278 SE2d 693) (1981). Thus, a properly served defendant who wishes to rely on an affirmative defense, such as lack of personal jurisdiction or venue,[2] must assert the defense in a timely filed answer or in a motion to dismiss prior to default. See id. "When the party has received actual notice of the suit there is no due process problem in requiring him to object to the improper [jurisdiction or] venue within the period

_____

[2] "Jurisdiction of the person is the power of a court to render a personal judgment, or to subject the parties in a particular case to the decisions and rulings made by it in such a case, and is obtained by serving the proper process in the manner required by law on persons or parties subject to be sued in a particular action. . . . Venue means the place of trial." (Citations and punctuation omitted.) *Euler-Siac S.P.A. (Creamar Spa) v. Drama Marble Co.*, 274 Ga. App. 252, 255 (1), n. 5 (617 SE2d 203) (2005).

prescribed[.]" (Citation and punctuation omitted.) *Williams v. Mells*, 138 Ga. App. 60 (225 SE2d 501) (1976) (physical precedent only); *Aiken v. Bynum*, 128 Ga. App. 212, 213 (2) (196 SE2d 180) (1973) (physical precedent only); cf. *United Grocery Outlet v. Bennett*, 292 Ga. App. 363, 365 (665 SE2d 27) (2008) (citing principle from *Williams*).

a. *Resident defendants*. To circumvent Georgia default and personal jurisdiction law, including its failure to request that default be opened and comply with the requirements of OCGA § 9-11-55 (b), Marriott argues that the law stated above does not apply to foreign, nonresident corporations. First of all, contrary to Marriott's assertion in this case, Marriott is considered a resident corporate defendant, as opposed to a nonresident corporate defendant, under existing Georgia law. A nonresident corporation is defined, in part, under the Georgia Long Arm Statute as "a corporation which is not organized or existing under the laws of this state and is not authorized to do or transact business in this state at the time a claim or cause of action under Code Section 9-10-91 arises." OCGA § 9-10-90. Both the Georgia Supreme Court and this Court previously have held that the Georgia Long Arm Statute does not apply to corporations authorized to do business in Georgia. See *Allstate Ins. Co. v. Klein*, 262 Ga. 599, 600-601 (422 SE2d 863) (1992) (foreign

7

corporation authorized to do business in this State is not a "nonresident" for purposes of personal jurisdiction as that term is defined in the Long Arm Statute); *Cherokee Warehouses v. Babb Lumber Co.*, 244 Ga. App. 197, 199 (535 SE2d 254) (2000) (same; case involved a Tennessee corporation that was registered to do business in Georgia and maintained a registered agent in Georgia for service of process); see also *Innovative Clinical & Consulting Servs. v. First Nat. Bank of Ames, Iowa*, 279 Ga. 672, 674, n. 2 (620 SE2d 352) (2005) (noting that the *Klein* case involved "jurisdiction over a defendant who was a Georgia resident so that OCGA § 9-10-91 was wholly inapplicable").

> As a resident, such a foreign corporation may sue or be sued to the same extent as a domestic corporation. Therefore, a plaintiff wishing to sue in Georgia a corporation authorized to do business in Georgia is not restricted by the personal jurisdiction parameters of § 9-10-91, including the requirement that a cause of action arise out of a defendant's activities within the state.

*Klein*, 262 Ga. at 601.

As the Georgia Supreme Court noted, this conclusion is consistent with OCGA § 14-2-1505, which sets forth the statutory effect of a certificate of authority to do business in Georgia:

> A foreign corporation with a valid certificate of authority has the same but no greater rights under this chapter and has the same but no greater

8

privileges under this chapter as, and except as otherwise provided by this chapter is subject to the same duties, restrictions, penalties, and liabilities now or later imposed on, a domestic corporation of like character. [§ 14-2-1505 (b).]

*Klein*, 262 Ga. at 601, n. 2. It also comports with the requirements of federal procedural due process:

> [I]f an authorized representative of a foreign corporation be physically present in the state of the forum and be there engaged in activities appropriate to accepting service or receiving notice on its behalf, we recognize that there is no unfairness in subjecting that corporation to the jurisdiction of the courts of that state through such service of process upon that representative. We find no requirement of federal due process that either *prohibits* a state from opening its courts to a cause of action not arising out of the corporation's activities in the state or *compels* a state to do so.

(Punctuation omitted; emphasis in original.) *Id.* at 601, n. 3 (citing *Perkins v. Benguet Consolidated Mining Co.*, 342 U. S. 437, 444, 446 (72 SCt 413, 96 LEd 485) (1952)).

Marriott cites a number of United States Supreme Court cases and federal cases to support its argument that a foreign corporation registered and authorized to do business in a state is not a resident for purposes of analyzing jurisdiction. However, the federal cases cited by Marriott are nonbinding on this Court. The Georgia Supreme Court has held that

> the [federal courts'] interpretation of [a statute] is not binding on this Court and it is not necessary for this Court to correct erroneous Federal

9

interpretations of our State's statutes for the precedential value of our opinions to remain the controlling authority on the proper interpretation of those statutes.

*Innovative Clinical & Consulting Servs.*, 279 Ga. at 674, n. 2.

Moreover, as an intermediate appellate court, we are bound by Georgia statutes and Georgia Supreme Court decisions. "When the Supreme Court has addressed an issue in clear terms, this court is not at liberty to decline to follow the established rule of law." *State v. Benton*, 168 Ga. App. 665, 667 (2) (310 SE2d 243) (1983); see also *Thomason v. Harper*, 162 Ga. App. 441, 444-445 (2) (289 SE2d 773) (1982) ("This court is not at liberty to decline to follow this rule of law in Georgia because our Supreme Court has addressed the issue in clear terms."). Article VI, Section VI, Paragraph VI of the Georgia Constitution of 1983 specifically commands, "[t]he decisions of the Supreme Court shall bind all other courts as precedents." This "principle has even greater weight where the precedent relates to interpretation of a statute. Once the [Supreme] court interprets the statute, the interpretation has become an integral part of the statute." (Citations and punctuation omitted.) *Benton*, 168 Ga. App. at 667 (2). "Thus, notwithstanding the possible desirability of the rule urged by [Marriott], we are foreclosed from consideration of it at this time." Id.; see also *A &*

10

*A Heating & Air Conditioning Co. v. Burgess*, 148 Ga. App. 859, 860 (1) (253 SE2d 246) (1978).[3]

Because existing Georgia law leads us to conclude that Marriott is a resident defendant corporation for default and personal jurisdiction purposes, see *Klein*, 262 Ga. at 601, Marriott was required to comply with Georgia default and personal jurisdiction law. This included an obligation to assert its affirmative defenses, such as lack of personal jurisdiction, in a timely filed answer or in a motion to dismiss prior to default. See *Cotton*, 157 Ga. App. at 824. In the alternative, Marriott could have moved to open default and complied with the strict requirements of OCGA § 9-11-55 (b). Marriott did none of these. "By erroneously dismissing [Ward's] complaint, the trial court enabled [Marriott] to circumvent the strict requirements for opening default." *Sidwell*, 237 Ga. App. at 717-718 (1).

b. *Nonresident defendants*. Moreover, even if Marriott were considered a foreign, nonresident corporation, this Court has previously held that, in Georgia, even

---

[3] To the extent Marriott challenges the constitutionality of Georgia's statutes or case law, its failure to raise this issue below precludes our review of any constitutional claim. See *In the Interest of A. A.*, 253 Ga. App. 858, 862 (3) (560 SE2d 763) (2002) ("A constitutional issue cannot be considered when asserted for the first time on appeal but must be clearly raised in the trial court and distinctly ruled upon there.") (citation omitted).

a nonresident defendant waives his right to assert defenses, including the defense of lack of personal jurisdiction, by failing to timely respond to the complaint or move to open default. See *Stout v. Signate Holding*, 184 Ga. App. 154, 155 (3) (361 SE2d 36) (1987) (California resident served under the long-arm statute waived right to contest Georgia court's jurisdiction by failing to timely answer complaint or move to open default). Likewise, in *Chen v. Alexander Terry Assocs.*, 228 Ga. App. 345, 346-347 (491 SE2d 834) (1997), we specifically noted that a nonresident defendant cannot assert a lack of jurisdiction while in default; the defendant must file a timely motion to dismiss or assert a lack of personal jurisdiction defense by moving to open default, moving to set aside the judgment, or filing a subsequent collateral attack. While Marriott argues that requiring a defendant to move to open default or file a motion to set aside after a default judgment has been awarded in order to assert a lack of jurisdiction, rather than simply allowing it to raise the issue via an untimely motion to dismiss after it already is in default, "puts form over substance[,]" that, in fact, is the law in Georgia.

The cases cited by Marriott and the trial court are inapposite. In *Hoesch America, Inc. v. Dai Yang Metal Co.*, 217 Ga. App. 845, 845-848 (1) (459 SE2d 187) (1995), this Court found that a nonresident served in an action brought under

12

Georgia's Long Arm Statute did not waive his lack of personal jurisdiction defense by not answering the complaint. However, that case differed from the one at issue in two key respects: (1) the nonresident defendant in *Hoesch* moved to open default and the trial court granted that motion, and (2) the nonresident defendant was a foreign corporation who was not transacting business in Georgia and who was never informed its goods would be used or delivered in Georgia. Id. at 845 (1). These differences were also present in *B & D Fabricators v. D. H. Blair Investment Banking Corp.*, 220 Ga. App. 373 (1) (a) (469 SE2d 683) (1996), where a foreign corporation not transacting business in this State moved to open default, and the trial court granted the motion to open default and then granted the corporation's motion to dismiss. In both cases, this Court specifically noted that "a foreign corporation which is not transacting business within this state cannot be forced to come into the state to defend against a claim or to contest jurisdiction." *B & D Fabricators*, 220 Ga. App. at 373 (1) (a); *Hoesch*, 217 Ga. App. at 847 (1).

Unlike the defendants in *Hoesch* and *B & D Fabricators*, Marriott never moved to open default, which it was required to do under *Stout*, 184 Ga. App. at 155 (3), and *Chen*, 228 Ga. App. at 346-347. In addition, Marriott admittedly is a foreign corporation authorized to do business in Georgia, with a registered agent to receive

13

service of process here in Georgia. Under Georgia law, the only methods for such a foreign corporation, even if considered a nonresident corporation, to assert a lack of personal jurisdiction once the case is in default include moving to open default, which Marriott did not do, or waiting until default judgment has been awarded and then moving to set aside the judgment under OCGA § 9-11-60 (d). See *Chen*, 228 Ga. App. at 346-347; *Stout*, 184 Ga. App. at 155 (3). Marriott's untimely motion to dismiss was not the proper vehicle to assert this defense and revive a case in default. See *Chen*, 228 Ga. App. at 346-347; *Stout*, 184 Ga. App. at 155 (3).

In this case, the trial court failed to properly apply existing Georgia law and recognize that "[b]y being in default, [Marriott] waived [its] right to contest the trial court's jurisdiction over [its] person." *Stout*, 184 Ga. App. at 155 (3). We, therefore, reverse the dismissal of Ward's complaint and remand to the trial court to proceed with Ward's motion for default judgment.

*Judgment reversed and remanded with direction. Dillard, P. J., and Gobeil, J., concur*.