## 52900. TRUCK & TRAILER SALES CORPORATION v. EAST COAST TRANSPORTATION COMPANY.

MARSHALL, Judge.

Appellant Truck and Trailer Sales Corporation appeals from the trial court's denial of its motion to open a default judgment.

Appellee East Coast Transportation Company filed a complaint alleging that appellant was bailee of appellee's truck and had permitted the truck to be stolen while at appellant's place of business for repairs. The complaint was served on appellant on June 30, 1975. No answer was filed, but on August 18, 1975, appellant's attorney filed a motion, under oath, "to open the default on grounds of excusable neglect." A hearing on the motion to open the default, originally scheduled for September 25th was heard on October 17th. On October 16th, a second motion to open default was filed, with supporting affidavits, with counsel for appellee. It sought the opening of the default on the ground of "providential cause." After hearing counsel argue the motion, the trial judge overruled the motion for "lack of justifiable reason for opening the default." On February 3, 1976, a jury awarded appellee damages of $14,500, and the trial court entered judgment thereon.

The sole enumeration of error urged by appellant is that the trial court erred in failing to grant appellant's motion to open default because: (a) there was providential cause for appellant's failure to answer the complaint within the legal period of time; (b) inasmuch as there was providential cause, the trial court erred; and, (c) the record clearly demonstrates that appellee would not be prejudiced by the opening of the default, and the trial court's refusal to open default constituted an abuse of discretion. *Held:*

Appellant's contention essentially is that reliance on the postal service for communicating the existence of a legal complaint between client and attorney should be sufficient ground for opening a default judgment.

We do not agree.

With the several methods of communicating information available in our modern society, we do not agree that reliance on one method alone in a matter of such gravity, i. e., the defense of a lawsuit seeking $15,000 damages is sufficient to require, as a matter of law, under the provisions of CPA § 55 (b) (Code Ann. § 81A-155 (b)), the default judgment be opened.

We have carefully examined cases cited by appellant and we do not find any of them persuasive.

Of the three grounds for opening defaults, providential cause is clearly not applicable. There is nothing providential in the failures and shortcomings of the postal service.

As to the ground of excusable neglect, while the failure to follow up on the mailing of the complaint to counsel may be understandable, it is not excusable. See *Western Union Tel. Co. v. Lark,* 95 Ga. 806, 807 (2) (23 SE 118).

Numerous decisions of the appellate courts of Georgia uphold the principle that the trial judge has discretion to open a default when he considers a proper case has been made. Conversely, he has discretion to refuse to open the default when he determines that a proper case has not been made. In view of the reasons stated, supra, the refusal of the trial judge to open the default after "determining that a proper case has not been made for the default to be opened" was not error. *Thomas v. McKibben,* 135 Ga. App. 886 (219 SE2d 621); *Davison-Paxon Co. v. Burkart,* 92 Ga. App. 80 (88 SE2d 39). Also, see cases cited on page 337 of *Brawner v. Maddox,* 1 Ga. App. 332 (58 SE 278).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED OCTOBER 13, 1976 — DECIDED JANUARY 5, 1977 — REHEARING DENIED JANUARY 26, 1977 —

*Bouhan, Williams & Levy, Edwin D. Robb, Jr.,* for appellant.

*H. Steve Abernathy, Sparkman & Taggart, Thomas R. Taggart,* for appellee.