A90A1947. FIRST UNION NATIONAL BANK OF GEORGIA v.
FLOYD et al.
(400 SE2d 393)

POPE, Judge.

By mistake, the defendant in this case allowed the complaint to go into default. The initial mistake evolved into what may be considered a procedural nightmare.

Thomas Marvin Floyd, Sr., now deceased, held a joint checking account with his wife as well as a safety deposit box at the Pine Mountain branch of defendant First Union National Bank of Georgia. On June 30, 1988 plaintiff Cindy F. Smith, decedent's granddaughter, presented the bank with what she purported to be a power of attorney in her favor signed by the decedent. Out of concern for the validity of the document, defendant bank refused to honor plaintiff's request to liquidate the account and give her access to the lock box. Later in the day, decedent's wife withdrew the funds in the checking account and gained access to the lock box. Plaintiffs Smith and Thomas F. Floyd, Jr., as co-executors of the deceased's estate, filed suit against the widow for conversion. That suit was settled. A separate action, out of which this appeal arose, was filed against the bank for conversion seeking actual damages as well as punitive damages and attorney fees for the bank's alleged wrongful refusual to honor the power of attorney.

The complaint was served on the manager of defendant bank's Pine Mountain branch. The local officer forwarded suit papers to defendant's legal department in Atlanta. Responsive pleadings were not timely filed and the trial court entered a default judgment against the bank as to liability, preserving the issue of damages for trial.

Since the entry of the default judgment, defendant bank has filed three separate motions to open the default. The order denying the initial motion, entered March 8, 1989, states that "the record of the case as it stands does not show a proper case in which to open a Default." Before the initial motion was ruled upon, defendant filed another motion entitled "Motion to Open Default and Motion to Withdraw and/or Amend Statutory Admissions," requesting the court not only to open default and permit it to file a timely answer to the complaint but also to permit it to respond to plaintiffs' requests for admissions, which were filed with the complaint but were also untimely answered. Because the trial judge who denied the initial motion had, within the same order, recused herself from further involvement with the case, the second motion was ruled on by a second judge who, on June 20, 1990, granted a hearing on defendant's motion to withdraw its statutory admission to plaintiffs' requests for admissions but denied, without explanation or discussion, the renewed motion to open default. Defendant was ultimately permitted to withdraw its statutory

admissions and to file a written response to plaintiffs' requests by consent order dated June 30. Once the written responses were made part of the record, defendant moved a third time to open the default judgment and a third time it was denied. It is from this third denial, entered October 23, 1989, that the defendant filed a motion for interlocutory appeal which this court denied.

1. This appeal was initiated when the plaintiffs filed a timely notice of appeal after their motion for interloctory appeal was granted. On the same day defendant filed a notice of cross-appeal. Plaintiffs' appeal was subsequently dismissed, not for lack of jurisdiction but by voluntary withdrawal by the plaintiffs. Because this court properly had jurisdiction of plaintiffs' appeal it also had jurisdiction of the cross-appeal which was filed before the appeal was withdrawn. Pursuant to OCGA § 5-6-48 (e), dismissal of the appeal does not affect the validity of a cross-appeal. It is only when the appeal is dismissed for lack of jurisdiction that a cross-appeal which does not have an independent ground for jurisdiction must also be dismissed. See *Jones Roofing &c. Co. v. Roberts*, 179 Ga. App. 169 (345 SE2d 683) (1986). Unlike the jurisdictional posture in *Jones*, this court was vested with jurisdiction of the appeal and the saving provision of OCGA § 5-6-48 (e) preserves defendant's right to proceed with the issues raised in the cross-appeal even though the plaintiffs have voluntarily withdrawn the issues they raised on appeal. The holding in *Jones* does not apply to this case and defendant's cross-appeal should not be dismissed.

2. Only the third of the three orders denying the opening of default is at issue in defendant's enumeration of error. We reject plaintiffs' argument that defendant's renewed motion to open default was improper pursuant to this court's holding in *Sears v. Citizens Exchange Bank of Pearson*, 166 Ga. App. 840 (305 SE2d 609) (1983). In that case we recognized that a party may move for reconsideration of an order denying opening of default but that the motion should be brought before the same judge who ruled on the initial motion and the party should not be allowed to "judge shop" in an effort to find a judge who will arrive at a different discretionary ruling than the first. However, the fact that a different judge was petitioned after the initial ruling against defendant was, in this case, not due to judge shopping but to the fact that the first judge recused herself from further involvement with the case. Thus, the renewed motion was not improperly filed in this case.

Defendant argues that the second trial court judge, in ruling on the second and third motions to open default, relied upon an erroneous interpretation of the first judge's reason for denying the motion, erroneously assumed he was bound by the first judge's ruling as the law of the case and failed to exercise his own discretion in ruling on the third motion at issue in this appeal. It matters not what the rea-

sons were for the denial of the first motion because, in our opinion, the defendant never set forth sufficient facts to establish any ground for opening the default.

Pursuant to OCGA § 9-11-55 (b), the trial court, in its discretion, may allow the default to be opened for providential cause, excusable neglect or, "as if reaching out to take in every conceivable case where injustice might result if the default were not opened, the section goes on to say, where the judge from all the facts shall determine that a proper case has been made. (Cits. [and punctuation] omitted.) *Becker v. Fairman*, 167 Ga. App. 708, 710 (2) (307 SE2d 520) (1983)." *Cryomedics, Inc. v. Smith*, 180 Ga. App. 336, 337 (349 SE2d 223) (1986). Here defendant's explanation for its failure to answer the complaint within the statutory time is because the bank's headquarters in Atlanta forwarded the complaint to an attorney by mail but the attorney never received it. Because of the many methods which now exist for communicating and transmitting documents, exclusive reliance on the postal service for communicating the existence of a legal complaint between client and attorney is insufficient to show providential cause or excusable neglect. *Truck & Trailer Sales Corp. v. East Coast Transp. Co.*, 141 Ga. App. 85 (232 SE2d 578) (1977).

We cannot hold that as a matter of law the trial judge in this case could not have found, in his broad discretion, that the explanation offered by defendant nevertheless made a "proper case" for opening the default. However, according to the statute, the showing of a proper ground for opening default "shall be made under oath. . . ." OCGA § 9-11-55 (b). The only evidence offered by defendant to show cause for opening the default is an affidavit of the branch manager who gives hearsay testimony concerning what happened to the complaint once it was forwarded to the bank's Atlanta headquarters. Plaintiffs raised an objection to the hearsay evidence in their timely response to defendant's first motion. Although defendant renewed the motion twice, it never submitted additional admissible evidence to explain the delay in answering the complaint. Thus, the only admissible testimony offered in support of any of defendant's motions is that the complaint was forwarded to the bank's Atlanta headquarters. This is insufficient to establish any ground for opening the default. Even the broad "proper case" ground does not vest the trial court with discretion to open a default for reasons which fall short of a reasonable excuse for failure to answer. See *Early Co. v. Bristol Steel &c. Works*, 131 Ga. App. 775 (206 SE2d 612) (1974). The trial court did not err in denying defendant's motion to open default.

3. The trial court erred, however, in granting plaintiffs' motion in limine and ordering the defendant could not present evidence that plaintiffs have partially recovered their damages by settling their claim against the bank's alleged joint tortfeasor in a separate lawsuit.

Release of one joint tortfeasor no longer serves as a release of another joint tortfeasor. *Posey v. Med. Center-West*, 257 Ga. 55 (354 SE2d 417) (1987). Thus, evidence of the partial recovery from a joint tortfeasor would not serve to release defendant from liability for plaintiffs' claims which defendant admitted by virtue of the default judgment. Where, as in the case at hand, the claim involves unliquidated damages, a defendant in default may nevertheless introduce evidence as to damages. See OCGA § 9-11-55 (a). The law does not permit a double recovery for an injury. Thus, defendant is entitled to credit for payment the plaintiffs have already recovered from the joint tortfeasor. See *Malone v. City of Rossville*, 107 Ga. App. 271 (1) (129 SE2d 563) (1963). In this case, evidence of the partial recovery from the joint tortfeasor is admissible because it relates only to the amount of damages which may be recovered from defendant and does not serve to relieve defendant of liability which it has already admitted by virtue of the default judgment. Cf. *Fulton County Hosp. Auth. v. Hyman*, 189 Ga. App. 613 (4) (376 SE2d 689) (1988) and *Whitby v. Maloy*, 150 Ga. App. 575 (1) (258 SE2d 181) (1979) (in which this court held evidence which relates to the amount of damages is inadmissible in the trial of a default judgment if at the same time it tends to suggest comparative or contributory negligence) and *Flanders v. Hill Aircraft &c. Corp.*, 137 Ga. App. 286 (223 SE2d 482) (1976) (in which evidence in a default judgment case was held to be inadmissible because it related not only to the amount of damages to be recovered by the plaintiff but also to the issue of proximate cause of plaintiff's injuries, an issue which was admitted by default). The defendant should be permitted to present evidence of plaintiff's partial recovery of damages from a joint tortfeasor.

*Judgment affirmed in part and reversed in part. Motion to dismiss cross-appeal denied. Deen, P. J., concurs dubitante. Beasley, J., concurs in judgment only.*

DECIDED DECEMBER 5, 1990 —
REHEARING DENIED DECEMBER 17, 1990 — ▮

*Wallace K. Askew, Troutman, Sanders, Lockerman & Ashmore, Herbert D. Shellhouse,* for appellant.
*James W. Wallis, Jr., Kenneth A. Smith,* for appellees.