A00A0348. ELLIS et al. v. FIVE STAR DODGE, INC.

(529 SE2d 904)

ELDRIDGE, Judge.

In this contract action, plaintiffs Davis and Sheila Ellis appeal from the grant of summary judgment in favor of defendant Five Star

Dodge, Inc. Finding that the trial court abused its discretion in opening the default of the defendant, we reverse the grant of summary judgment and remand for entry of default judgment and the determination of damages.

1. In their first enumeration of error, the plaintiffs assert that the trial court abused its discretion in granting the defendant's motion to open default because the defendant failed to establish excusable neglect.

> Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. The question of whether to open a default on one of the three grounds noted above rests within the discretion of the trial judge. The sole function of an appellate court reviewing a trial court's denial of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case.

(Citations and punctuation omitted.) *K-Mart Corp. v. Hackett*, 237 Ga. App. 127, 128 (1) (514 SE2d 884) (1999). See also *Follmer v. Perry*, 229 Ga. App. 257, 258 (1) (493 SE2d 631) (1997); *First Union Nat. Bank &c. v. Floyd*, 198 Ga. App. 99, 101 (2) (400 SE2d 393) (1990); *C. W. Matthews Contracting Co. v. Walker*, 197 Ga. App. 345, 346 (1) (398 SE2d 297) (1990).

The evidence in this case shows that, in October 1995, the plaintiffs purchased a vehicle from defendant Five Star Dodge. After experiencing numerous problems with the car, they attempted to rescind the purchase. When the defendant refused to rescind, the plaintiffs filed suit against the dealership on March 7, 1997. On March 10, 1997, the plaintiffs served Jeff Smith, General Manager of Five Star Dodge. The defendant failed to answer, and the case went into default on April 9, 1997.

On May 12, 1997, the defendant's attorney filed a notice of appearance in the case, and, on May 15, 1997, the attorney filed an answer. The defendant filed a motion to open default on May 23, 1997. The motion alleged that the failure to file an answer was due to excusable neglect, because the defendant *"believed* it had referred the action to its insurance carrier for defense, and was not aware that the insurance carrier had not received the complaint." (Emphasis

supplied.) Attached to the motion was an affidavit of defendant's employee, Bobby Cramer, who admitted that Jeff Smith had given the complaint to him after being served. Cramer then consulted with another employee, Bo Willis, who "advised" him that he had forwarded the documents to the insurance carrier and that the lawsuit was "being handled." After having been so "assured," Cramer admitted that "I did nothing further with the complaint." The record contains no affidavits from either Smith or Willis; no evidence that any officer or employee of the defendant took *any* affirmative action to ensure that an answer was filed in this lawsuit; and no evidence of communication from the insurance company that it had received the complaint, had undertaken to defend this case, or otherwise had contacted the defendant about the case. See *Follmer v. Perry*, supra at 259. Four days after the motion was filed, however, the trial court granted the defendant's motion to open the default on the basis of excusable neglect.

This ruling was an abuse of discretion, because the defendant's actions failed to demonstrate excusable neglect as a matter of law. This conclusion is best illustrated in the remarkably similar case of *Follmer v. Perry*, supra. In *Follmer*, the defendant delivered the complaint to the insurer, then repeatedly and unsuccessfully attempted to contact the insurance agent before learning that the case was in default. Id. at 258-259. Even so, the trial court denied Follmer's motion to open default, finding that he had not demonstrated his own diligence or any communications by the insurance company to ensure that the case was being handled. Id. This Court affirmed the decision, distinguishing it from previous default cases that demonstrated the "defendant's diligence and the insurer's assurance that it is handling the case." Id. at 259.

Neither aspect is present in this case. First, the defendant herein cannot establish that it, in fact, forwarded the complaint to the insurance company.[1] Second, if the defendant mailed the complaint,

> [b]ecause of the many methods which now exist for communicating and transmitting documents, exclusive reliance on the postal service for communicating the existence of a legal complaint between client and attorney is insufficient to

---

[1] Notably, the plaintiffs were not served with the order and filed a response to the motion. After realizing that the trial court had opened the default, the plaintiffs filed a motion to set aside the order on the basis that they had not had an opportunity to respond to the motion before it was decided. In its response to the plaintiffs' motion, the defendant again admitted that the defendant "*cannot be certain that it forwarded the complaint* in this matter to its carrier in light of the fact that the complaint was never received [by the insurance carrier]." (Emphasis supplied.)

show providential cause or excusable neglect. *Truck & Trailer Sales Corp. v. East Coast Transp. Co.*, 141 Ga. App. 85 (232 SE2d 578) (1977).

*First Union Nat. Bank &c. v. Floyd*, supra at 101 (2). Third, it is undisputed that the defendant did nothing to ensure that the case had been received by the insurance company or that an answer would be filed. This Court cannot condone such inaction.

Since the defendant failed to establish a ground for opening the default under OCGA § 9-11-55 (b) as a matter of law, the trial court abused its discretion in so ruling. This case is reversed and remanded to the trial court for reinstatement of the default judgment and the determination of damages thereon.

2. Plaintiffs' remaining enumerations are moot.

*Judgment reversed and remanded. Blackburn, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 2000 — ▬▬▬▬▬▬▬▬
▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
*Lane & Jarriel, Thomas F. Jarriel*, for appellants.
*Almand & Wiggins, O. Hale Almand, Jr., Sarah Harper, Samuel G. Alderman III*, for appellee.