A05A0736. WRIGHT v. MANN.
(611 SE2d 118)

JOHNSON, Presiding Judge.

Yvette Wright and Shannon Delores Mann were involved in an automobile collision. Wright filed an action against Mann on April 12, 2004, and served Mann with the legal papers on April 19, 2004. Mann claims she faxed the documents to her insurance carrier, however Mann never confirmed that her insurance carrier had received the documents, and her insurance company contends it did not receive the documents. No answer was filed. Wright moved for an entry of default judgment, which was granted by the trial court. On July 12, 2004, Mann filed a motion to set aside the entry of default judgment, which the trial court granted based on a finding of excusable neglect. Wright appeals the trial court's order setting aside the entry of default. We find that the court's order setting aside the default was an abuse of discretion because Mann's actions failed to demonstrate excusable neglect as a matter of law.

OCGA § 9-11-55 allows a default to be opened on one of three grounds if four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case. The four conditions are: (1) a showing made under oath, (2) an offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. Whether to open the default on one of these three grounds rests within the discretion of the trial judge.[1] Our sole function as an appellate court reviewing a trial court's grant of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case.[2] In this case, Wright contends Mann's failure to answer was not due to excusable neglect and that Mann failed to establish a meritorious defense. We need not reach the issue of whether Mann asserted a meritorious defense because we find that the case must be reversed because the trial court abused its discretion in concluding that Mann's failure to answer was due to excusable neglect.

[1] See *Follmer v. Perry*, 229 Ga. App. 257, 258 (1) (493 SE2d 631) (1997).
[2] Id.

It is well established that a defendant's unconfirmed belief that her insurer had timely received suit papers and was preparing a defense on the defendant's behalf is not sufficient to constitute excusable neglect that would authorize the trial court to set aside a default judgment.[3] To authorize the setting aside of a default under circumstances where the defendant believes her insurer is handling the case, the defendant must demonstrate her own diligence and the insurer's assurance that it is handling the case.[4] Neither aspect is present in this case.

First, Mann cannot establish that she, in fact, forwarded the complaint to the insurance company. She has failed to produce any document confirming that the fax was successfully transmitted, and her insurance company denies that it received the faxed complaint. Most importantly, it is undisputed that Mann did nothing to ensure that the complaint had been received by the insurance company or that an answer would be filed. According to Mann, "[s]he never heard anything from the insurance carrier and assumed that a defense was being provided for her." As in *Ellis* and *Follmer*, this Court cannot condone such inaction.

Since Mann failed to establish a ground for opening the default under OCGA § 9-11-55 (b) as a matter of law, the trial court abused its discretion in so ruling. This case is reversed and remanded to the trial court for reinstatement of the default judgment and the determination of damages thereon.

*Judgment reversed and case remanded. Ruffin, C. J., and Barnes, J., concur.*

DECIDED MARCH 2, 2005.

*Kenneth J. Rajotte*, for appellant.
*Mabry & McClelland, Walter B. McClelland, James W. Scarbrough*, for appellee.

---

[3] See *Ellis v. Five Star Dodge*, 242 Ga. App. 474 (529 SE2d 904) (2000); *Follmer*, supra at 258-260 (1).
[4] See *Ellis*, supra at 476; *Follmer*, supra at 259.