A06A0366. WILLIAMS v. CITY OF ATLANTA.
(635 SE2d 165)

RUFFIN, Chief Judge.

Annette Williams brought a negligence action against the City of Atlanta, alleging that she was injured when she slipped and fell at the Atlanta airport. The City was served with the complaint, but did not file a timely answer. After a default judgment was entered, the trial court granted the City's motion to set aside the judgment and open the default. The trial court subsequently signed a certificate of immediate review, and we granted Williams' application for interlocutory appeal. Because we find the City did not establish excusable neglect, we reverse.

---

The relevant facts are not in dispute. Williams filed her lawsuit against the City on March 14, 2005. The City was served on March 24, 2005. The City's law department received the complaint and mailed it to its insurer. The insurer has no record of receiving the complaint and thus did not file an answer.[1] On May 23, 2005, Williams filed a motion for default judgment, which the trial court granted on June 1, 2005. On June 27, 2005, the City moved to set aside the judgment and open the default, claiming that its failure to file an answer was due to excusable neglect. The trial court granted the City's motion.

A default may be opened by the trial court "for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened."[2] Before a default may be opened on one of these grounds, however, the defaulting defendant must: (1) make a showing under oath; (2) offer to plead instanter; (3) announce ready to proceed with trial; and (4) set up a meritorious defense.[3] On appeal, we review the trial court's decision to open a default for abuse of discretion.[4]

Williams argues that the trial court erred in opening the default because the City failed to present a meritorious defense and failed to establish excusable neglect. Pretermitting whether the City set forth a meritorious defense, we find that it did not show excusable neglect. As we stated recently in *Wright v. Mann*:

> It is well established that a defendant's unconfirmed belief that [its] insurer had timely received suit papers and was preparing a defense on the defendant's behalf is not sufficient to constitute excusable neglect that would authorize the trial court to set aside a default judgment. To authorize the setting aside of a default under circumstances where the defendant believes [its] insurer is handling the case, the defendant must demonstrate [its] own diligence and the insurer's assurance that it is handling the case.[5]

---

[1] We note that the City asserts in its brief that the law department's litigation tracking sheet showed that the complaint was received by the insurer. But the tracking sheet is not self-explanatory and the sponsoring witness for the document did not aver any knowledge that the insurer received the complaint. Thus we do not find the City's assertion to be supported by the evidence.

[2] See OCGA § 9-11-55 (b).

[3] See id.

[4] See *Howard v. Technosystems Consolidated Corp.*, 244 Ga. App. 767, 768-769 (1) (536 SE2d 753) (2000).

[5] (Footnote omitted.) 271 Ga. App. 832, 833 (611 SE2d 118) (2005).

Similarly to the situation in *Wright*, the City says it sent the complaint to its insurer, but there is no evidence that it confirmed receipt by the insurer, and the insurer states that it never received the complaint.[6] The City did not rely on assurances from the insurer that it had received the complaint and was preparing an answer.[7] And "it is undisputed that [the City] did nothing to ensure that the complaint had been received by the insurance company or that an answer would be filed."[8] Such inaction, especially by a law department, cannot constitute excusable neglect.[9]

On appeal, the City relies heavily on *Henderson v. Quadramed Corp.*[10] to support its argument that there was evidence of excusable neglect. But *Henderson* is distinguishable because the defendant corporation never knew it had been sued before the case fell into default, the employee to whom the complaint was sent by the corporation's registered agent had left the company, and the complaint remained unopened for weeks. In contrast, the City knew it had been sued but failed to ensure that an answer was filed.[11] Moreover, it is unclear whether the *Henderson* court affirmed the trial court's opening of default based on excusable neglect or on the broader ground of "proper case."[12] And we will not now consider "proper case" as a basis for opening the default here. The City did not argue "proper case" below as a ground for opening the default, always contending that "[t]his is a classic case of excusable neglect," and the trial court expressly stated that it was basing its ruling on excusable neglect. Thus we conclude that the trial court abused its discretion in opening the default on the basis of excusable neglect.

On motion for reconsideration, the City argues that the trial court's inherent discretion to modify a judgment during the same term of court in which it is entered is not limited by the statutory requirements of OCGA § 9-11-55. A trial court has the inherent power

---

[6] See id. at 832.

[7] Compare *Pinehurst Baptist Church v. Perry*, 215 Ga. App. 259, 262 (2) (450 SE2d 307) (1994) (excusable neglect found where defendant contacted insurer on at least five occasions and received assurances that case was being handled).

[8] *Wright*, supra at 833.

[9] See id.; *Follmer v. Perry*, 229 Ga. App. 257, 259-260 (1) (493 SE2d 631) (1997); see also *Pulliam v. Nichols*, 202 Ga. App. 95, 96 (413 SE2d 215) (1991) ("The press of business is no ground to open a default.") (punctuation omitted); *Truck & Trailer Sales Corp. v. East Coast Transp. Co.*, 141 Ga. App. 85, 86 (232 SE2d 578) (1977) ("[W]hile the failure to follow up on the mailing of the complaint to counsel may be understandable, it is not excusable.").

[10] 260 Ga. App. 680 (580 SE2d 542) (2003).

[11] See id. at 682 (2).

[12] See id.; see also OCGA § 9-11-55 (b).

to set aside a judgment "for irregularity, or because it was improvidently or inadvertently entered" during the term in which the judgment was rendered.[13] And we have previously held that this power is not limited by the statutory requirements for relief from judgment set forth in OCGA § 9-11-60.[14] Thus, we agree with the City that the trial court had the inherent power to set aside the judgment apart from the statutory grounds set forth in OCGA § 9-11-55.

However, the trial court did not rely on this inherent power as the basis for setting aside the judgment against the City. Accordingly, we remand the case so that the trial court may exercise its discretion in determining whether the judgment should be set aside on this basis.[15]

*Judgment reversed and case remanded. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 16, 2006 —
RECONSIDERATION DENIED JULY 28, 2006.

*Noel L. Hurley, Tanis R. Miller, Flynn & Gottlieb, Edward D. Flynn,* for appellant.

*Mozley, Finlayson & Loggins, Sewell K. Loggins, Brian J. Duva,* for appellee.

---

[13] (Punctuation omitted.) *Buice v. State*, 272 Ga. 323, 324-325 (528 SE2d 788) (2000); see also *Pope v. Pope*, 277 Ga. 333, 334 (588 SE2d 736) (2003).

[14] See *Kirkley v. Jones*, 250 Ga. App. 113, 114-115 (1) (550 SE2d 686) (2001); *Piggly Wiggly Southern v. McCook*, 216 Ga. App. 335, 337 (1) (454 SE2d 203) (1995).

[15] See *Piggly Wiggly*, supra.