A07A2451. FLOURNOY et al. v. WELLS FARGO BANK, N.A. et al.
(657 SE2d 625)

MIKELL, Judge.

Linton and Dorothy Flournoy brought the underlying action for damages for wrongful foreclosure and conversion against Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage, Inc. (Wells Fargo Bank,

N.A., and Wells Fargo Home Mortgage, Inc., hereinafter collectively referred to as "Lenders"). Lenders were served with the complaint, but did not file a timely answer. The Flournoys moved for default judgment, and Lenders moved to open default. The trial court denied the Flournoys' motion, granted Lenders' motion to open default, and transferred the case to the Superior Court of Gwinnett County for lack of proper venue. The trial court then issued a certificate of immediate review, and we granted the Flournoys' application for interlocutory appeal. Because we conclude that Lenders did not establish excusable neglect as a matter of law, we reverse.

The facts are not in dispute. On September 5, 2006, Wells Fargo Bank foreclosed on the Flournoys' property at 4089 Windsor Castle Way in DeKalb County. The third-party purchasers of the property began eviction proceedings against the Flournoys in DeKalb County State Court; and the Flournoys filed a third-party complaint against Wells Fargo Bank (the "State Court action"), seeking to quiet title and for equitable and injunctive relief. In the State Court action, Lenders were represented by Tania Trumble, an attorney at McCalla Raymer LLC in Roswell. Trumble filed an answer on behalf of Lenders as well as a motion to transfer the State Court action to the superior court, due to the state court's lack of subject matter jurisdiction to hear equitable matters.

Rather than resist the Lenders' motion to transfer, the Flournoys voluntarily dismissed the State Court action on November 28, 2006. Trumble testified by affidavit that the Flournoys informed her that they planned to refile in the Superior Court of DeKalb County, and Trumble so advised Chastity McLamb, an employee in the Default Operations Support section of Wells Fargo Home Mortgage in Frederick, Maryland. According to McLamb's affidavit, McLamb was Trumble's contact at Lenders with regard to the State Court action and would remain as Trumble's contact at Lenders when the Flournoys' counsel filed a new complaint in the Superior Court of DeKalb County.

On December 19, 2006, the Flournoys filed the underlying action against Lenders in the Superior Court of DeKalb County (the "Superior Court action"). Trumble continued to represent Lenders in the Superior Court action. On December 27, 2006, the DeKalb County Sheriff's Office filed service papers with the court indicating that Lenders could not be served in the Superior Court action, because the service address given was in Gwinnett County. Service upon Lenders' registered agent, Corporation Service Company, was subsequently

obtained in Gwinnett County on January 8, 2007,[1] and the complaint was duly forwarded to McLamb in Maryland.

McLamb averred that she received the Flournoys' complaint in the Superior Court action on January 11, 2007; that "[she] was expecting the Complaint and forwarded the Complaint immediately to Tania Trumble via e-mail on January 11, 2007"; but that "due to server problems at Wells Fargo," Trumble never received McLamb's e-mail nor the attached complaint. Trumble averred that, although she became aware in early January 2007 that the Flournoys had filed a complaint against Lenders in the Superior Court of DeKalb County, she did not learn that Lenders had been served with process until March 12, 2007, when her search of the public records revealed the Flournoys' motion for default (filed February 28, 2007) and the attached affidavit of service. Thereafter, Lenders filed their motion to open default on March 28, 2007, as well as their response to the Flournoys' motion for default and their answer to the Flournoys' complaint. Lenders claimed that their failure to answer the complaint in a timely manner was due to excusable neglect. Following a hearing on May 4, 2007, the trial court granted Lenders' motion to open default, and further ordered the transfer of the case to Gwinnett County for improper venue.

1. OCGA § 9-11-55 (b) permits a default to be opened on one of three grounds if four conditions are met. The three grounds are (1) providential cause, (2) excusable neglect, and (3) proper case. The four conditions are the defendant's (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense.[2] "Whether to open the default on one of these three grounds rests within the discretion of the trial judge."[3] On appellate review of a trial court's order granting a motion to open default, we must determine "whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case."[4]

In two related enumerations of error, the Flournoys contend that Lenders failed to establish a "meritorious defense"[5] and that Lenders' failure to answer was not due to "excusable neglect."[6] Pretermitting

---

[1] On February 14, 2007, the Flournoys mailed the service sheets to the State Court of DeKalb County in error; the service sheets were filed in the superior court on March 1, 2007.

[2] *Butterworth v. Safelite Glass Corp.*, 287 Ga. App. 848, 849 (1) (652 SE2d 877) (2007); *Gilliam v. Love*, 275 Ga. App. 687 (621 SE2d 805) (2005).

[3] (Footnote omitted.) *Wright v. Mann*, 271 Ga. App. 832 (611 SE2d 118) (2005).

[4] (Footnote omitted.) Id.

[5] OCGA § 9-11-55 (b).

[6] Id.

the issue of whether Lenders set forth a meritorious defense, we conclude that they did not show excusable neglect as a matter of law.

In *Truck & Trailer Sales Corp. v. East Coast Transp. Co.*,[7] the defendant was served with a complaint and sent the complaint to its attorney, but did not confirm that the complaint had been received.[8] No answer was filed, and defendant's later motion to open the default was denied.[9] In affirming the trial court's refusal to open default, this Court determined that "reliance on the postal service for communicating the existence of a legal complaint between client and attorney" did not constitute "excusable neglect" sufficient to allow the default judgment to be opened.[10] The Court noted that "while the [defendant's] failure to follow up on the mailing of the complaint to counsel may be understandable, it is not excusable."[11] The case at bar, where the complaint was sent by an e-mail that counsel never received, falls well within the rule set forth in *Truck & Trailer Sales Corp.*[12] Similarly, in cases where a defendant sent a complaint to its insurance carrier — whether by mail[13] or by fax[14] — without receiving in turn confirmation of receipt and assurance of preparation of a defense by the insurer, we have held that the trial court abused its discretion in opening the default on the basis of excusable neglect.[15]

It is well established that a defendant's unconfirmed belief that its insurer had timely received suit papers and was preparing a defense on the defendant's behalf is not sufficient to constitute excusable neglect that would authorize

---

[7] 141 Ga. App. 85 (232 SE2d 578) (1977).

[8] Id. at 86.

[9] Id. at 85.

[10] Id. at 86.

[11] (Citation omitted.) Id.

[12] Id.

[13] *Williams v. City of Atlanta*, 280 Ga. App. 785, 786-787 (635 SE2d 165) (2006) (reversing trial court's order opening default as abuse of discretion where defendant City's law department sent complaint to insurer by mail, but did not confirm receipt or obtain assurances from insurer that answer was being prepared).

[14] *Wright*, supra at 833 (trial court's order opening default reversed as abuse of discretion; defendant failed to show excusable neglect as a matter of law where she faxed documents to her insurance carrier but never confirmed receipt).

[15] See *Ellis v. Five Star Dodge*, 242 Ga. App. 474, 476-477 (1) (529 SE2d 904) (2000) (reversing trial court's order opening default on grounds of excusable neglect, where defendant had not confirmed receipt of complaint by insurer nor received assurances of preparation of defense from insurer). See also *Follmer v. Perry*, 229 Ga. App. 257, 259 (1) (493 SE2d 631) (1997) (affirming trial court's refusal to open default on grounds of excusable neglect, where defendant had complaint delivered to insurance agent but did not speak with insurance agent or receive any assurance that insurer was proceeding with defense). Compare *Patterson v. Bristol Timber Co.*, 286 Ga. App. 423, 428 (2) (b) (649 SE2d 795) (2007) (affirming trial court's finding of excusable neglect where defendant's local insurance agent assured defendant several times that the matter was being properly handled).

the trial court to set aside a default judgment. To authorize the setting aside of a default under circumstances where the defendant believes its insurer is handling the case, the defendant must demonstrate its own diligence and the insurer's assurance that it is handling the case.[16]

In the case at bar, although Lenders' employee sent counsel a copy of the complaint as an attachment to an e-mail, the record contains no evidence that any officer or employee of Lenders took any action to confirm receipt of this e-mail. In fact, the complaint was not received by counsel, and counsel did not represent otherwise to Lenders. Absent evidence of diligence in ascertaining that counsel received the complaint, and absent evidence of assurances from counsel that the matter was being properly handled, Lenders have failed to establish excusable neglect as a matter of law, and the trial court abused its discretion in opening the default.[17] Accordingly, the trial court's order opening the default is reversed, and this case is remanded for reinstatement of the default and the determination of damages thereon.

2. In their third enumeration of error, the Flournoys contend that the trial court abused its discretion in transferring the case to the Superior Court of Gwinnett County for lack of proper venue. We note that Lenders did not take a position on whether the trial court improperly transferred this case. In light of our ruling in Division 1 above, "by failing to answer, [Lenders] waived any objection to venue."[18] Accordingly, we reverse the trial court's order transferring this case.

*Judgment reversed and case remanded. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 8, 2008.

*Mills & Moss, Steven M. Mills, Timothy S. Walls*, for appellants. *McCalla & Raymer, Andrew B. Goldberger*, for appellees.

---

[16] (Citation, punctuation and footnote omitted.) *Williams*, supra at 786.

[17] See id. at 787; *Wright*, supra.

[18] (Citations omitted.) *Bryant v. Haynie*, 216 Ga. App. 430, 432 (1) (454 SE2d 533) (1995). Accord *Bouldin v. Contran Corp.*, 167 Ga. App. 364 (306 SE2d 685) (1983). See OCGA § 9-11-12 (h) (1).