A08A0001. GEORGIA KIDNEY AND HYPERTENSION SPECIALISTS, INC. v. FRESENIUS USA MARKETING, INC.
(662 SE2d 245)

ANDREWS, Judge.

Georgia Kidney and Hypertension Specialists, Inc. (GKHS) appeals from the trial court's entry of default judgment and subsequent award of damages and attorney fees, contending that the trial court should have recused and that GKHS's motion to open default was improperly denied.

Fresenius USA Marketing, Inc. (Fresenius) filed its complaint against GKHS and Carrollton Dialysis, Inc. (Carrollton) on August 14, 2006. Fresenius sought recovery on an open account and alleged that GKHS was the successor in interest to Carrollton and that the two companies had conspired to fraudulently transfer the assets of Carrollton to GKHS to avoid paying off the account after Carrollton was administratively dissolved by the Georgia Secretary of State in 2002. Both GKHS and Carrollton were served on August 17, 2006, and Carrollton filed its answer on August 31, 2006. GKHS did not file an answer as required by September 18, 2006, or any other pleading in response to the complaint. See OCGA § 9-11-12 (a).

On October 10, 2006, Fresenius filed its motion for default judgment against GKHS. On October 27, 2006, GKHS filed an

---

answer and a motion to open default. By order of December 1, 2006, the trial court denied the motion to open default and granted Fresenius's motion for default judgment on liability. A hearing on damages was held on December 13, 2006.

1. GKHS's first three enumerations of error all relate to its motion to recuse the trial judge and we consider them together.

Prior to commencement of the December damages hearing, during an off-the-record bench conference, the trial judge advised counsel for the parties that his daughter worked for a company which provided contract legal services to Alston & Bird, LLP, counsel for Fresenius in this matter. No objection was made by GKHS during that bench conference or during the ensuing hearing. The hearing was continued and reconvened on January 17, 2007. At that hearing, counsel for GKHS made an oral motion to recuse the trial judge, stating that "[t]he Court last time told us that it had a possible conflict. That was after the Court had ruled on my motion to reopen the default, which I feel should have been done before that time. So I am asking the Court to recuse itself." The trial court denied the motion as untimely and proceeded with the damages hearing. On February 3, 2007, two and one half weeks following this hearing, counsel for GKHS sent an e-mail[1] to the trial judge's chambers, reiterating his request that the court recuse based on his daughter's employment and also adding as a basis the fact that, before the hearing on January 17, the trial court spoke to lead counsel for Fresenius, who had not been present at the December hearing. The trial court had known the attorney as a child but had not seen her for over 30 years.

When presented with a recusal motion, a trial court must immediately determine (1) the timeliness of the motion; (2) the legal sufficiency of the supporting affidavit; and (3) whether, assuming the facts alleged in the affidavit to be true, recusal would be warranted. See Uniform Superior Court Rule 25.3. The motion must be filed no later than five days after the movant learns of the alleged grounds for recusal. See USCR 25.1. And it must demonstrate that the trial judge harbored a bias stemming from an extrajudicial source that was "of such a nature and intensity that it would impede the exercise of impartial judgment." (Citation omitted.) *Wellons v. State*, 266 Ga. 77, 88 (18) (463 SE2d 868) (1995). We review the denial of a motion to recuse for abuse of discretion. *Vaughn v. State*, 247 Ga. App. 368, 370 (2) (543 SE2d 429) (2000).

There is no question that the oral motion to recuse, even if considered viable, was untimely and unsupported by any affidavit.

---

[1] No evidence of this e-mail is contained in the record before us.

See *Echols v. Echols*, 281 Ga. 546, 548 (1) (640 SE2d 257) (2007); *Rice v. Cannon*, 283 Ga. App. 438, 442 (2) (641 SE2d 562) (2007). Further, the substance of the allegations made was insufficient to serve as a basis for recusal. See generally *Sears v. State*, 262 Ga. 805 (426 SE2d 553) (1993) (question is whether judge's impartiality can be questioned reasonably, bearing in mind the reality that any judge will have had extensive contact with the community and local bar). " 'It is as much the duty of a judge not to grant the motion to recuse when the motion is legally insufficient as it is to recuse when the motion is meritorious.' " (Footnote omitted.) *Henderson v. McVay*, 269 Ga. 7, 9 (2) (494 SE2d 653) (1998).

There was no error in the trial court's denial of the motion to recuse.

2. GKHS's fourth enumeration is that the trial court erred in denying its motion to open default.

OCGA § 9-11-55 (b) permits a default to be opened on one of three grounds if four conditions are met. The three grounds are (1) providential cause; (2) excusable neglect; and (3) proper case. The four conditions are the defendant's (1) showing made under oath; (2) offer to plead instanter; (3) announcement of ready to proceed with trial; and (4) setting up a meritorious defense. *Butterworth v. Safelite Glass Corp.*, 287 Ga. App. 848, 849 (1) (652 SE2d 877) (2007); *Gilliam v. Love*, 275 Ga. App. 687 (621 SE2d 805) (2005). "Whether to open the default on one of these three grounds rests within the discretion of the trial judge." (Footnote omitted.) *Wright v. Mann*, 271 Ga. App. 832 (611 SE2d 118) (2005). On appellate review of a trial court's order granting a motion to open default, we must determine "whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case." (Footnote omitted.) Id.

Pretermitting whether GKHS complied with the four conditions precedent for the trial court to exercise its discretion in opening the default, the motion to open default was not made under oath and the only basis given for the failure to file GKHS's answer was "unknown reasons." Therefore, GKHS has failed to show that this case fell within any of the three grounds for opening the default. *Flournoy v. Wells Fargo Bank*, 289 Ga. App. 560, 562 (1) (657 SE2d 625) (2008); *COMCAST Corp. v. Warren*, 286 Ga. App. 835, 836 (1) (650 SE2d 307) (2007).

*Judgment affirmed. Ruffin, P. J., and Bernes, J., concur.*

DECIDED MAY 7, 2008.

*Sims, Moss, Kline & Davis, Raymond L. Moss*, for appellant.

*Alston & Bird, Candace N. Smith, Patrick R. Costello*, for appellee.