## A08A1585. BELLSOUTH TELECOMMUNICATIONS, INC. v. FUTURE COMMUNICATIONS, INC.

(666 SE2d 699)

ELLINGTON, Judge.

Following a granted interlocutory appeal, BellSouth Telecommunications, Inc. ("BellSouth"), appeals from the order of the State Court of Cobb County which granted Future Communications, Inc.'s ("Future's"), motion to open the default. BellSouth contends the trial court abused its discretion under OCGA § 9-11-55 (b) because the evidence adduced was insufficient to support a finding of providential cause, excusable neglect, or a proper case necessary to open the default. We agree and reverse.

The record reveals that BellSouth filed a claim for damages against Future based on two separate incidents in which Future's employees allegedly damaged BellSouth's underground cables and equipment. Before filing suit, BellSouth and its counsel negotiated with Future and its insurer, Georgia Casualty Company, in an unsuccessful effort to resolve the claims without litigation. After notifying both Future and Georgia Casualty in writing of its intent to file suit if the matter was not resolved within five days, BellSouth filed its complaint on May 21, 2007, and served the complaint upon Future's registered agent and president, John E. Marshall, on May 30, 2007.

Future failed to file a timely answer because Marshall, by his own admission, failed to forward the complaint to Georgia Casualty even though Future's policy of insurance required it to "immediately" send copies of any legal papers pertaining to a lawsuit to Georgia Casualty. Marshall mistakenly assumed that since Georgia Casualty had been copied on correspondence between Future and BellSouth in the past, it had been provided with a courtesy copy of the complaint and would respond to it on Future's behalf. There is no evidence, however, that Marshall or any Future employee attempted to verify that Georgia Casualty had, in fact, been provided with a copy of the complaint and was responding to it.

After the case entered automatic default, Future filed an answer, a motion to open default, and a motion to withdraw admissions on

August 10, 2007. After a hearing, the trial court granted Future's motions and entered an order opening the default without an explanation of the legal or factual basis for doing so.

When, as here, no answer is filed within the statutory period and the time for responding has not been extended, the case is automatically in default. OCGA § 9-11-55 (a);[1] *Chapman v. Commercial Nat. Bank &c.*, 208 Ga. 593 (3) (68 SE2d 603) (1952). If the default cannot be opened as a matter of right, the case may be opened only in the circumstance authorized by OCGA § 9-11-55 (b).[2] "The rule permitting opening of default is remedial in nature and should be liberally applied, for default judgment is a drastic sanction that should be invoked only in extreme situations. Whenever possible[,] cases should be decided on their merits for default judgment is not favored in law." (Citations, punctuation and emphasis omitted.) *Rogers v. Coronet Ins. Co.*, 206 Ga. App. 46, 48 (2) (424 SE2d 338) (1992).

Although the rule is liberally applied, in order for relief to be granted under OCGA § 9-11-55 (b), there "must be a motion, [a] meritorious defense, a legal excuse for late filing, and payment of costs." (Citation and punctuation omitted.) *Gowdey v. Rem Assoc.*, 176 Ga. App. 83, 85 (3) (335 SE2d 309) (1985). Here, only Future's legal excuse for the late filing is at issue. OCGA § 9-11-55 (b) recognizes three legal excuses or bases for opening a default: (1) "providential cause" preventing the filing of required pleadings, (2) "excusable neglect" explaining the failure to timely file the required pleadings, and (3) circumstances making it a "proper case" for opening the default. Future argued below that it was entitled to open the default on the grounds of either excusable neglect or a proper case. Thus, we do not address whether providential cause preventing the filing of the required pleadings existed.

We review the grant of a motion to open default to determine whether all of the conditions of OCGA § 9-11-55 (b) have been met, and, if so, whether the trial court abused its discretion based on the facts peculiar to a particular case. *Majestic Homes, Inc. v. Sierra Dev.*

---

[1] OCGA § 9-11-55 (a) provides, in relevant part:
If in any case an answer has not been filed within the time required by this chapter, the case shall automatically become in default unless the time for filing the answer has been extended as provided by law. The default may be opened as a matter of right by the filing of such defenses within 15 days of the day of default, upon the payment of costs.

[2] OCGA § 9-11-55 (b) provides, in relevant part:
At any time before final judgment, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms to be fixed by the court.

*Corp.*, 211 Ga. App. 223, 224 (1) (438 SE2d 686) (1993). Although the trial court has broad discretion to open a default, that discretion is

> not an arbitrary and unlimited discretion like that confided to the Roman praetors, but . . . is such a discretion as, when applied to a court of justice, means sound discretion guided by law. It must be governed by rule, not by humor; it must not be arbitrary, vague and fanciful, but legal and regular.

(Citations and punctuation omitted.) *Johnson v. Durrence*, 136 Ga. App. 439, 440-441 (221 SE2d 652) (1975).

1. *Excusable Neglect*. It is well settled that merely assuming that a complaint is being handled by an insurer is insufficient to establish excusable neglect as a matter of law. We have repeatedly required the defendant to show the exercise of the diligence which, under the circumstances, is reasonably due. For example, in *Wright v. Mann*, 271 Ga. App. 832, 833 (611 SE2d 118) (2005), we held:

> It is well established that a defendant's unconfirmed belief that [its] insurer had timely received suit papers and was preparing a defense on the defendant's behalf is not sufficient to constitute excusable neglect that would authorize the trial court to set aside a default judgment. To authorize the setting aside of a default under circumstances where the defendant believes [its] insurer is handling the case, the defendant must demonstrate [its] own diligence and the insurer's assurance that it is handling the case.

(Footnotes omitted.) Id. Like the defendant in *Wright*, Future did not demonstrate its own diligence. Future did nothing to ensure that the complaint was received by its insurer, and it did not attempt to obtain its insurer's assurance that it was handling the suit. Thus, the trial court was not authorized to open the default on the ground of excusable neglect. Id. See also *Flournoy v. Wells Fargo Bank*, 289 Ga. App. 560, 562-564 (1) (657 SE2d 625) (2008) (trial court abused its discretion in opening default on basis of excusable neglect where insured did nothing to confirm its belief that insurer timely received suit papers and was preparing a defense); *Williams v. City of Atlanta*, 280 Ga. App. 785 (635 SE2d 165) (2006) (accord); cf. *Pinehurst Baptist Church v. Murray*, 215 Ga. App. 259, 262 (2) (450 SE2d 307) (1994) (excusable neglect found where defendant contacted insurer on at least five occasions and received assurances from insurer that the case was being handled).

2. *A Proper Case*. We have found no legal authority specifically defining "a proper case" as used in OCGA § 9-11-55 (b). The

Supreme Court of Georgia has stated that, although the "proper case" ground is the broadest of the three set out in OCGA § 9-11-55 (b), "it is not so broad as to authorize the opening of a default for any reason whatsoever. Its purpose is to permit the reaching out in every conceivable case where injustice might result if the default were not opened." (Citation and punctuation omitted.) *In the Matter of Turk*, 267 Ga. 30, 31 (1) (471 SE2d 842) (1996), citing *Axelroad v. Preston*, 232 Ga. 836, 837 (1) (209 SE2d 178) (1974). Whatever that injustice might be, it may be avoided and the default opened under the "proper case" analysis only where a *reasonable* explanation for the failure to timely answer exists. See *Sidwell v. Sidwell*, 237 Ga. App. 716, 717-718 (1) (515 SE2d 634) (1999) ("a proper case" does not vest a court with unbridled discretion to open a default for reasons falling short of a reasonable excuse for failure to answer; defendant's desire to avoid causing the plaintiff, his dying father, emotional pain held unreasonable explanation for untimely answer); *Tauber v. Community Centers Two*, 235 Ga. App. 705 (509 SE2d 662) (1998) (accord); *First Union Nat. Bank &c. v. Floyd*, 198 Ga. App. 99, 101 (2) (400 SE2d 393) (1990) (physical precedent only) (accord). Requiring a reasonable excuse or explanation for opening the default on this ground is necessary, otherwise the trial court would not be acting "[with]in its discretion" as required by OCGA § 9-11-55 (b). As we have explained, judicial discretion is that discretion "bound with the rule of *reason* and law." (Citations and punctuation omitted; emphasis supplied.) *Johnson v. Durrence*, 136 Ga. App. at 441.

In the instant case, Future's only explanation for failing to answer is that it assumed its insurer had received a copy of the complaint and was handling the suit. First, this explanation falls in the category of "excusable neglect" as it is a rationalization for Future's failure to take required action, and is thus properly addressed under those cases dealing with that principle. See Division 1, supra. Second, even if Future's excuse could also fall within the category of "a proper case," its explanation for untimely answering is unreasonable for the same reasons stated in Division 1, that is, that Future failed to take reasonable steps to ensure that its insurer had received the complaint and was handling its defense. Consequently, the trial court abused its discretion in opening the default. See OCGA § 9-11-55 (b); see *Sidwell v. Sidwell*, 237 Ga. App. at 718 (1) (self-serving rationalizations, without more, do not constitute a "proper case" within the meaning of OCGA § 9-11-55 (b)).

*Judgment reversed and case remanded. Blackburn, P. J., and Miller, J., concur.*

DECIDED JULY 17, 2008 —
RECONSIDERATION DENIED AUGUST 7, 2008.

*James M. Anderson III*, for appellant.
*Hicks, Casey & Foster, Richard C. Foster, Pamela N. Lee, Andrea Alexander*, for appellee.