**SECOND DIVISION**
**MILLER, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS
COURT. ALL FILINGS MUST BE SUBMITTED WITHIN
THE TIMES SET BY OUR COURT RULES.*

**June 30, 2021**

# In the Court of Appeals of Georgia

A21A0117. THE STATE v. HATCHER, et al.

HODGES, Judge.

After a 1986 Chevrolet C-10 truck and other items were seized during a drug raid in Richmond County, the trial court, in this somewhat procedurally convoluted case, granted the truck owner's motion to open default and denied the State's complaint seeking forfeiture of the truck. The State filed the instant appeal. Sherry Hatcher, the truck's owner, has filed no appellee's brief. For the reasons that follow, we reverse and remand the case with direction for further proceedings consistent with this opinion.

In 2018, members of the Richmond County Sheriff's Department seized the truck pursuant to OCGA § 16-13-49, and Hatcher made a claim for the vehicle. The State filed a complaint for forfeiture pursuant to OCGA § 9-16-12, and served

Hatcher with the summons and complaint on August 23, 2018. The 30-day time period in which Hatcher should have filed her answer expired, meaning the case was automatically in default,[1] and the 15-day time period during which Hatcher could have opened the automatic default as a matter of right expired on October 9, 2018. OCGA § 9-11-55 (a). The next day, on October 10, 2018, Hatcher filed a "Motion to Correct the Record," contending that she sent a verified answer to the district attorney's office on August 29, 2018, within the 30-day time period, but that "[i]nadvertently" this was not filed with the clerk's office. The motion asked the trial court, pursuant to OCGA § 9-11-60 (g), which provides for the correction of clerical mistakes, to "correct oversights such as this one." The motion also averred that the trial court had signed a default judgment on October 9, 2018, and asked that the default judgment be set aside. This judgment does not appear in the appellate record, and the State's appellate brief avers that it was never filed with the clerk.

The trial court held a hearing on Hatcher's motion on December 11, 2018. Eight days later, however, before the court had issued a ruling, Hatcher filed a motion to open default pursuant to OCGA § 9-11-55 (b), stating that she had paid all costs,

---

[1] Hatcher had mailed an answer to the district attorney's office, but no answer or other responsive pleading was timely filed with the clerk of the superior court, as required by OCGA §§ 9-11-5 (d), 9-16-12 (c).

2

had a good and meritorious defense in that she had sent the answer to the district attorney's office and it had been signed for, that her neglect was excusable because the answer "was inadvertently either not sent or not received" by the clerk, and announcing that she was ready for trial. She attached her verified answer as an exhibit.

On January 4, 2019, the trial court denied Hatcher's motion to correct the record, and entered a default judgment pursuant to OCGA § 9-16-12 (c) and (e). It also granted the State's complaint for forfeiture in rem, but only as to other defendants in the case and not as to Hatcher. The trial court found that Hatcher had failed to file an answer "before the time allowed by law or before the time permitted to open default as a matter of right had lapsed[,]" and also found that Hatcher "did not establish a basis for relief from judgment under OCGA § 9-11-60, nor for opening of default under OCGA § 9-11-55."

Nearly three months later, on March 28, 2019, the trial court held a hearing on Hatcher's December 2018 motion to open default under OCGA § 9-11-55 (b), which had been filed just prior to the court's entry of the January 2019 default judgment. On April 18, 2019, the trial court entered an order purporting to open the default, and the

same day, held an asset forfeiture hearing, later entering an order denying the forfeiture of the Chevrolet truck. The State filed the instant appeal.

1. The State argues, in two related enumerations of error, that the trial court's January 4, 2019, denial of the motion to correct the record and entry of default judgment was a final judgment.[2] It argues both that following a final judgment, in order to attack the default, Hatcher was required to meet the more stringent standards of OCGA § 9-11-60. It also argues that the trial court lacked the authority to vacate or modify a final judgment outside the term of court in which was rendered. See OCGA § 15-6-3 (5) (C) (terms of court for Richmond County); see generally *Williams v. City of Atlanta*, 280 Ga. App. 785, 787-788 (635 SE2d 165) (2006). Because the judgment was not final, we disagree.

The January 4, 2019 judgment was not a final judgment because the issue of whether Hatcher's truck would be forfeited remained unresolved. See *Rapid Taxi Co. v. Broughton*, 244 Ga. App. 427, 428 (1) (535 SE2d 780) (2000) (finding that "a judgment is not final unless it disposes of the entire controversy, leaving nothing for

---

[2] OCGA § 9-11-55 (b) provides that "[a]t any time before *final judgment*, the court, in its discretion, upon payment of costs, may allow the default to be opened for providential cause preventing the filing of required pleadings or for excusable neglect or where the judge, from all the facts, shall determine that a proper case has been made for the default to be opened, on terms fixed by the court." (Emphasis supplied).

the trial court to do in the case," where the trial court's order entitled "'Default Judgment' did not dispose of the entire controversy, but merely decided the issue of liability and placed the case on the next jury trial calendar for a determination of damages). Therefore, this enumeration is without merit.

2. The State also argues that even if the trial court had the authority to consider the challenge to the default judgment, it abused that discretion because Hatcher failed to make the required showing under OCGA § 9-11-55 (b). On this point, we agree.

> OCGA § 9-11-55 (b) allows a default to be opened on one of three grounds: providential cause, excusable neglect, or a proper case. As a condition precedent to the trial court's consideration of whether any of the three grounds has been met, the defendant must show compliance with four statutory conditions by (1) making a showing under oath, (2) setting up a meritorious defense, (3) offering to plead instanter, and (4) announcing ready to proceed with trial.

(Citations omitted). *Strader v. Palladian Enterprises*, 312 Ga. App. 646, 648 (719 SE2d 541) (2011). Our function in "reviewing a trial court's grant of a motion to open default is to determine whether all the conditions set forth in OCGA § 9-11-55 have been met and, if so, whether the trial court abused its discretion based on the facts peculiar to each case." *Majestic Homes v. Sierra Dev. Corp.*, 211 Ga. App. 223, 224 (1) (438 SE2d 686) (1993).

In its motion to open default, Hatcher argued that she had a meritorious defense and that her failure to file a timely answer was the result of excusable neglect. The trial court's order likewise found that Hatcher had met the conditions precedent of OCGA § 9-11-55 (b), and that the lateness of her answer resulted from excusable neglect.

Pretermitting the issue of whether Hatcher set forth a meritorious defense, see *Flournoy v. Wells Fargo Bank, N. A.*, 289 Ga. App. 560, 562-563 (1) (657 SE2d 625) (2008), we conclude that she did not show excusable neglect as a matter of law.

On appeal, the State specifically argues that Hatcher failed to provide evidence of excusable neglect because the motion contains no affidavit or sworn statement from anyone with personal knowledge, i.e., anyone in the offices of Hatcher's counsel, regarding why the answer was not timely filed with the clerk.[3] This is true. The motion provides that "counsel for Sherry Hatcher prepared the Verified Answer to Complaint for Forfeiture in Rem" and that "the verified answer was properly served on the District Attorney's office but was inadvertently either not sent or not

---

[3] At the hearing, Hatcher's trial counsel told the court only that the answer had not been filed with the clerk as a result of "our oversight" and "our misstep." Nothing, however, indicates that this was an evidentiary hearing or that counsel was under oath.

6

received by the clerk's office for filing." Although Hatcher signed the motion itself, which provides that it is "sworn to and subscribed before" the notary public whose signature and seal it bears, nothing indicates that Hatcher had any personal knowledge of the only statement in the motion relating to the late-filed answer. See generally *Ellis v. Five Star Dodge, Inc.*, 242 Ga. App. 474, 476 (1) (529 SE2d 904) (2000) (finding that trial court abused its discretion in opening default where, inter alia, affidavit attached to motion to open default was not based upon affiant's personal knowledge, there were no affidavits from two employees who ostensibly had personal knowledge, and no evidence showed defendant's efforts in transmitting complaint to ensure his case was being handled, thus "fail[ing] to demonstrate excusable neglect as a matter of law"); accord *Tomsic v. Marriott Intl., Inc.*, 321 Ga. App. 374, 377 (2) (a) (739 SE2d 521) (2013) (physical precedent only) (recognizing that affidavits which fail to address the issue at hand, contain no facts, or are not based on personal knowledge are, in themselves, insufficient).

"Excusable neglect means a reasonable excuse or justification for failure to answer timely; it is that neglect which might have been the act of a reasonably prudent person under the same circumstances." (Citation and punctuation omitted.) *Drug Emporium, Inc. v. Peaks*, 227 Ga. App. 121, 123-124 (1) (488 SE2d 500)

7

(1997). Further, "'[e]xcusable neglect' does not mean gross negligence. It does not mean a willful disregard of the process of the court, but refers to cases where there is a reasonable excuse for failing to answer." (Citation and punctuation omitted.) *Bowen v. Savoy*, 308 Ga 204, 207 (839 SE2d 546) (2020).

Here, Hatcher's notarized statement provides no facts or admissible evidence upon which the trial court could exercise its discretion regarding whether or why the answer was not filed with the clerk, or whether there was a reasonable excuse for the failure to file. It merely provides conclusions. See *Drug Emporium*, 227 Ga. App. at 124 (1) (finding an affidavit insufficient where it "stated conclusions, not facts, upon which the trial judge could exercise sound discretion[.]") "Where a defendant has been properly served and relies upon . . . counsel to file an answer timely, the failure of defendant's . . . counsel . . . is imputable to the defendant in determining the presence or absence of excusable neglect. . . . No valid reason has been given for not filing an timely answer[.]" (Citation omitted.) *COMCAST Corp. v. Warren*, 286 Ga. App. 835, 838 (1) (650 SE2d 307) (2007).[4]

---

[4] We note that although Hatcher's counsel apparently knew that the answer had not been filed with the clerk's office by October 10, 2018, the date on which counsel filed the motion to correct the record, it appears that counsel did not actually file an answer or provide proof of payment of costs and readiness for trial until more than two months later, on December 18, 2018. See *COMCAST* 286 Ga. App. at 837-838

Because Hatcher has failed to establish excusable neglect as a matter of law, and the trial court abused its discretion in opening the default in the absence of any facts establishing excusable neglect, the trial court's order opening the default is reversed, as is its order denying forfeiture to the State. *State Farm Mut. Auto. Ins. Co. v. Pritchett*, 124 Ga. App. 815 (186 SE2d 510) (1971) (holding that a trial judge has less discretion to open default after a default judgment is entered than before, and "in the absence of a showing of facts upon which a finding of . . . excusable neglect could be made, it is generally an abuse of discretion to open the default."). This case is remanded for entry of a default judgment, a determination as to the forfeiture, and for any further proceedings consistent with this opinion.

3. As a result of our determination in Division 2, we need not address the State's remaining enumeration of error.

*Judgment reversed and case remanded with direction. Miller, P. J., and Pipkin, J., concur.*

---

(1).